■ JAMES BRINSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72044.)—In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Weisberg, J.), dated March 19, 1990, which denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The claimant James Brinson was injured on April 1, 1985,

while working for a construction company employed by the State of New York to do certain construction work. The claimant and his co-worker, Joseph Montenarano, were "stripping" a concrete wall which had metal panels attached to it. They did this by removing pins which attached the panels to the wall. The claimant was removing pins at the bottom of the wall while his co-worker was standing on a platform above him also removing pins. The claimant was injured when a panel that his co-worker had just finished "stripping" allegedly fell on him.

We find that the court properly denied the claimant's motion for partial summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 241 (6), as implemented by 12 NYCRR 23-1.7. There are questions of fact as to whether the work area was arranged, operated, and conducted so as to provide reasonable and adequate protection and safety to the workers (Labor Law § 241 [6]). The claimant failed to establish, as a matter of law, that the State failed to comply with this duty (McGovern v Fordham Hill Owners Corp., 173 AD2d 162; Shaheen v International Business Machs. Corp., 157 AD2d 429, 433; Ross v Baker, 123 AD2d 298). Further, there are questions of fact regarding whether the claimant's negligence constituted a proximate cause of his injuries (see, Long v Forest-Fehlhaber, 55 NY2d 154; Kelleher v First Presbyt. Church, 158 AD2d 946; Marcellino v Nigro, 149 AD2d 775). Finally, even if a violation of Labor Law § 241 (6) did occur, this would only be considered "some evidence" of the State's negligence but would not establish negligence as a matter of law (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521; Schmeer v County of Monroe, 175 AD2d 633). Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.