■ Robert J. Quinlan et al., Respondents, v Eastern Refractories Company, Inc., Defendant and Third-Party Plaintiff-Appellant. Quinlan Electric, Inc., Third-Party Defendant-Respondent. [629 NYS2d 819] —Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered April 25, 1994 in Albany County, which, inter alia, granted plaintiffs' motion for partial summary judgment on their Labor Law § 240 cause of action.

In Beesimer v Albany Ave./Route 9 Realty we explained: "The rule in this Department is that when a worker injured in a fall was provided with an elevation-related safety device, the question of whether the device provided proper protection

within the meaning of Labor Law § 240 (1) is ordinarily a question of fact * * * except where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials" (216 AD2d 853, 854 [citations omitted]). As a corollary to this rule, we recognized that the mere fact that an injured worker fell from a scaffold, ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the device did not provide proper protection (*supra*).

The undisputed evidence in this case establishes that plaintiff Robert J. Quinlan (hereinafter Quinlan) did not merely fall from a safety device. Rather, he was knocked off the stepladder by some boxes of material which fell and struck the ladder, knocking it over. In these circumstances, we are of the view that a violation of the Labor Law § 240 (1) proper protection requirement has been established as a matter of law. The statutory proper protection requirement encompasses placement of the safety device (Labor Law § 240 [1]). In *Dennis v Beltrone Constr. Co.* (195 AD2d 688), a worker was injured when the feet of a stepladder, which had been leaned against a wall in the unopened position, slipped, causing the worker and the ladder to fall to the floor; this Court held that absolute liability had been established as a matter of law under Labor Law § 240 (1). The stepladder at issue in this case, which was placed in such a manner that it could be struck and knocked over by falling material, provided the worker with no more protection from elevation-related risks than did the ladder in the *Dennis* case.

Defendant's use of the building as a warehouse included the storage of material by stacking it, and also included the movement of material in and around the building. That a stepladder placed in the midst of defendant's warehouse operation could be struck and knocked over by machinery or material involved in the warehouse operation was a reasonably foreseeable risk. The placement of the ladder without any protection from that risk was, in our view, a violation of Labor Law § 240 (1) and a proximate cause of Quinlan's fall.* The fact that the material which struck the ladder fell for an unknown reason does not constitute such an extraordinary event as to create a supervening cause (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562). Plaintiffs' motion for partial summary judgment on the issue of defendant's liability under Labor Law § 240 (1) was, therefore, properly granted.

---

* Plaintiffs do not claim that the failure to secure the material that fell was itself a violation of Labor Law § 240 (1) and, therefore, we will not address that issue.

With regard to third-party defendant's motion for summary judgment dismissing defendant's third-party complaint, we are of the view that third-party defendant is not entitled to the requested relief. In granting third-party defendant's motion, Supreme Court failed to recognize the distinction between a business operated as a sole proprietorship, as in *Rose v Mount Ebo Assocs.* (170 AD2d 766), and one operated in corporate form, as in this case. As a corporation, third-party defendant has a separate and distinct existence apart from Quinlan, despite the latter's role as sole corporate officer and shareholder (*see, Kendall v Venture Dev.*, 206 AD2d 797, n 1).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted third-party defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.