■ YAQOOB KHAN et al., Respondents, v CONVENTION OVER-LOOK, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. ABILENE, INC., Third-Party Defendant-Appellant. [648 NYS2d 946] —In an action to recover damages for personal injuries, etc., the third-party defendant Abilene, Inc., appeals from an order of the Supreme Court, Kings County (Feinberg, J.), dated May 17, 1995, which granted the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6), and granted the cross motion of the defendants third-party plaintiffs' for summary judgment against it on the issue of contractual indemnification and indemnification for its failure to obtain insurance naming the defendants third-party plaintiffs as additional insureds.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof which granted the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6), and substituting therefor a provision denying the motion, and (2) deleting the provision thereof which granted that branch of the cross motion of the defendants third-party plaintiffs which was for contractual indemnification and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Yaqoob Khan allegedly sustained physical injuries when he fell from a ladder while installing a new heating system in a building. The plaintiffs commenced this action against the owner of the building, its managing agents, and the general contractor. The owner and the managing agents (collectively referred to as the defendants third-party plaintiffs), in turn commenced a third-party action for indemnification against the injured plaintiff's employer, the third-party defendant appellant Abilene, Inc.

The Supreme Court erred in awarding partial summary judgment to the plaintiffs on the issue of liability under Labor Law § 240 (1). The injured plaintiff's deposition testimony is unclear as to whether he fell because of a "bending" or "buckling" of the ladder or simply because he lost his balance (see, Xirakis v 1115 Fifth Ave. Corp., 226 AD2d 452). Accordingly, there are issues of fact as to whether the ladder failed to provide the injured plaintiff with the requisite "proper protection" (Kalofonos v State of New York, 104 AD2d 75, 78). Likewise, there are issues of fact concerning liability pursuant to Labor Law § 241 (6), as the plaintiffs have not demonstrated as a matter of law that the ladder was insufficient to meet the load standards

provided by Industrial Code (12 NYCRR) § 23-1.21 (*see generally, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Brinson v State of New York,* 178 AD2d 457).

The court also erred in awarding summary judgment to the defendants third-party plaintiffs against the appellant based on the contractual indemnification provision of the contract, as there is a question of fact as to who supplied the ladder from which the injured plaintiff fell, and thus, whether the appellant was negligent (*see,* General Obligations Law § 5-322.1; *McGlynn v Brooklyn Hosp.-Caledonian Hosp.,* 209 AD2d 486).

However, the court correctly awarded summary judgment to the defendants third-party plaintiffs on the issue of the appellant's breach of its contractual obligation to procure liability insurance naming the defendants third-party plaintiffs as additional insureds on the policy. It is undisputed that the defendants third-party plaintiffs were not named under the "additional insureds" portion of liability insurance policy purchased by the appellant (*see, Kinney v Lisk Co.,* 76 NY2d 215; *DiMuro v Town of Babylon,* 210 AD2d 373; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.