■ PARASCHOS NITIS et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. SILVERITE

CONSTRUCTION CO., INC., Third-Party Defendant; PROGRESSIVE PAINTING CORP., Third-Party Defendant-Appellant. [661 NYS2d 44] —In an action to recover damages for personal injuries, etc., the third-party defendant Progressive Painting Corp. appeals (1) from a decision of the Supreme Court, Kings County (Jackson, J.), dated July 16, 1996, and (2) as limited by its brief, from so much of an order of the same court, dated September 6, 1996, as granted the motion of the defendant third-party plaintiff for summary judgment in its favor on the third-party complaint insofar as asserted against it.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant third-party plaintiff-respondent is awarded one bill of costs.

The plaintiff Paraschos Nitis, an employee of Progressive Painting Corp. (hereinafter Progressive), was injured while performing work in connection with a construction project at the Coney Island Water Pollution Center, owned by the defendant third-party plaintiff City of New York (hereinafter the City). Silverite Construction Co. (hereinafter Silverite) was the general contractor for the project and Progressive was a subcontractor. The plaintiff and his wife commenced this action against the City which, in turn, commenced a third-party action against both Silverite and Progressive. The City subsequently moved for summary judgment against Progressive, contending that Progressive breached its obligation to procure insurance coverage for the City.

The Supreme Court properly granted the motion by the City. The subcontract in this case specifically required Progressive to obtain "any and all other forms of insurance required of [Silverite] in the principal contract, pertaining to the work herein". The principal contract obligated Silverite to procure liability insurance naming the City as an insured. Consequently, Progressive also had an obligation pursuant to the subcontract. The City, as the third-party beneficiary of that contractual provision, was therefore entitled to summary judgment since Progressive failed to procure the required coverage (see, Kinney v Lisk Co., 76 NY2d 215; Khan v Convention Overlook, 232 AD2d 529).

The contention of Progressive concerning the issue of damages is unpreserved for appellate review. The extent of the City's damages for which Progressive is liable is a matter that

should be properly presented to the Supreme Court for determination. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.