■ MICHAEL SPENARD, Respondent, v GREGWARE GENERAL CONTRACTING et al., Appellants. [669 NYS2d 772] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 12, 1997 in Rensselaer County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

On November 21, 1994, plaintiff allegedly sustained various injuries when he fell from a stepladder while performing certain roofing work on a one-family residence in Rensselaer County. Plaintiff thereafter commenced this action against defendants asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, plaintiff

moved for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action. Defendants opposed the motion and cross-moved for dismissal of the Labor Law § 240 (1) and § 241 (6) causes of action. Supreme Court granted plaintiff's motion and denied defendants' cross motion, and this appeal ensued.

Initially, we agree with defendants that Supreme Court erred in granting plaintiff's motion for partial summary judgment as to the Labor Law § 240 (1) cause of action. The rule in this Department may be simply stated: "[W]hen a worker injured in a fall was provided with an elevation-related safety device, the question of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact * * * except where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials" (*Beesimer v Albany Ave. / Rte. 9 Realty*, 216 AD2d 853, 854 [citations omitted]). As a corollary to this rule, this Court has acknowledged that "the mere fact that an injured worker fell from a scaffold, ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the device did not provide proper protection" (*Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 820).

Here, the record establishes that at the time of the accident, plaintiff was using a four-month old fiberglass stepladder, variously described as being six feet to eight feet tall, to access certain scaffolding. The ladder in question, which apparently was open and being utilized in the traditional A-shaped position, was set up on a concrete slab adjacent to the scaffolding which, in turn, was being used to access the roof. According to defendant Richard Gregware, all four legs of the ladder had rubber cleats.

Plaintiff testified at his examination before trial that he had used the ladder without incident the workday before the accident and, further, that on the few occasions he used the ladder immediately prior to his fall, he did not notice that it shifted or moved from its position. As to the manner in which the accident occurred, plaintiff testified as follows: "I stepped off the roof onto the scaffolding, planks, from the planks onto the step ladder, I put my right foot on the step ladder and was going to put my left foot on it. And when I took my left foot off, the weight shifted and the ladder fell and I fell with it." Similarly, plaintiff averred in his affidavit filed in support of his motion for summary judgment that "[he] first placed [his] right foot onto the stepladder, and as [he] began to move [his]

left foot from the scaffold platform to the stepladder, [his] weight shifted and the ladder fell".

Although plaintiff contends that the foregoing proof, coupled with Gregware's admission that the ladder was not tied or secured to the scaffold in any fashion, is sufficient to establish his entitlement to judgment as a matter of law with respect to the Labor Law § 240 (1) cause of action, we cannot agree. Plaintiff did not testify or aver that the ladder collapsed (*compare, Niles v Shue Roofing Co.*, 219 AD2d 785), "kicked out" or slipped from underneath him (*compare, Dennis v Beltrone Constr. Co.*, 195 AD2d 688) or was so wobbly or unstable so as to sway under his weight (*compare, Whalen v Sciame Constr. Co.*, 198 AD2d 501). Nor is there any proof in the record that the rubber cleats on the stepladder were worn or were otherwise inadequate to prevent slippage (*compare, Dennis v Beltrone Constr. Co., supra*). In short, the record does not establish, as a matter of law, that Labor Law § 240 (1) was violated and that such violation was the proximate cause of plaintiff's injuries. To the contrary, we read plaintiff's examination before trial testimony and affidavit as raising a legitimate factual issue as to, *inter alia*, whether the stepladder provided proper protection. Specifically, it is unclear whether the stepladder failed to provide proper protection, thereby precipitating plaintiff's fall, or whether plaintiff simply lost his balance and fell, taking the ladder with him (*see, Khan v Convention Overlook*, 232 AD2d 529). Accordingly, plaintiff's motion for partial summary judgment as to the Labor Law § 240 (1) cause of action is denied.*

With respect to defendants' cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action, the record indicates that plaintiff did not allege any concrete regulatory violations in either his complaint or bill of particulars, but instead set forth such allegations for the first time in response to defendants' cross motion. Assuming, without deciding, that this procedure is sufficient to place this question before the court for review (*see, Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842), we nevertheless agree with defendants that such regulations are insufficient to sustain a cause of action under Labor Law § 241 (6).

As a starting point, 12 NYCRR 23-1.16 (b), (d) and (e) and 12 NYCRR 23-1.17, which collectively set forth the rules for the use of safety belts, harnesses, tail lines, lifelines and life nets,

---

* Having concluded that a question of fact exists in this regard, it necessarily follows that defendants' cross motion for dismissal of the Labor Law § 240 (1) cause of action was properly denied.

are inapplicable (*see generally*, *Lawyer v Rotterdam Ventures*, 204 AD2d 878, 880, *lv dismissed* 84 NY2d 864). No such devices were provided to plaintiff, and there is nothing in the cited regulations to suggest that such devices should have been furnished under the circumstances present here. We reach a similar conclusion with respect to 12 NYCRR 23-1.21 (b) (4) (i), as the stepladder in question was not being used "as a regular means of access between floors or other levels in any building or other structure". Finally, we are of the view that 12 NYCRR 23-1.21 (e) (2) merely recites a general safety standard regarding the bracing of ladders and, therefore, is insufficient to sustain a cause of action under Labor Law § 241 (6). Accordingly, defendants' cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action is granted.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment as to the Labor Law § 240 (1) cause of action and denied defendants' cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action; plaintiff's motion as to the Labor Law § 240 (1) cause of action is denied, defendants' cross motion as to the Labor Law § 241 (6) cause of action is granted and summary judgment awarded to defendants dismissing said cause of action; and, as so modified, affirmed.