■ Paul J. Stark et al., Respondents, v Eastman Kodak Company, Defendant and Third-Party Plaintiff. Landis & Gyr Powers, Inc., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [682 NYS2d 749] —Order insofar as appealed from unanimously reversed on the law without costs, cross motions granted and Labor Law § 240 (1) claim dismissed. Memorandum: Supreme Court erred in denying those parts of the cross motions of defendant Eastman Kodak Company (Kodak) and third-party defendant Landis & Gyr Powers, Inc. for summary judgment dismissing the Labor Law § 240 (1) claim. Paul J. Stark (plaintiff) installed a control box and valve on a cooling tower that had been erected on the roof of a building owned by Kodak. Plaintiff believed that he was on the bottom rung of the ladder and was injured when he stepped from the second rung of the ladder to the roof, contacting the roof with greater force than he expected. Plaintiff did not fall from the ladder, and he concedes that the ladder was not defective and that it did not move as he descended. Thus, it is undisputed that the actions of plaintiff "were the sole proximate cause of his injuries" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875).

Although Kodak did not appeal from the order denying its cross motion for summary judgment, upon searching the record, we grant summary judgment in its favor (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430; *Zimmerman v Pokart*, 242 AD2d 202, 204-205). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.