■ STEPHEN T. ADAMS et al., Respondents, v OWENS-CORNING FIBERGLASS CORPORATION, Appellant. [688 NYS2d 788] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 10, 1997 in Rensselaer County, which, *inter alia*, granted plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

On December 2, 1994 plaintiff Stephen T. Adams, a self-employed master electrician, was injured as the result of a fall from a ladder while working on the exterior of a building owned by defendant. At the time of the accident, Adams was performing electrical work pursuant to a subcontract with Eames Construction Company, Inc., which was the general contractor for various repair work to be performed on defendant's warehouse located in the Village of Selkirk, Albany County.

On the day of the accident, Adams was standing on an aluminum extension ladder owned by Eames, approximately 25 feet above ground level, attempting to connect wires in a junction box that fed the outside lights of the warehouse. While Adams was engaged in such work, the wires became electrified and Adams, who was not wearing insulated gloves, became electrocuted when he grasped the uninsulated part of the wires, causing his muscles to contract and making it impossible for him to release the wires and climb down the ladder. As a consequence, Adams directed an Eames employee, who was securing the foot of the ladder, to kick the ladder out so that the weight of his falling body would free him from the uninsulated wires. When the Eames employee complied, Adams fell to the concrete floor below sustaining multiple injuries.

Thereafter, Adams and his spouse, derivatively, commenced this action against defendant asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action. Supreme Court denied defendant's motion and granted plaintiffs' cross motion, prompting this appeal.

Initially, we agree with defendant that Supreme Court erred in granting plaintiffs' cross motion for partial summary judgment as to the Labor Law § 240 (1) cause of action. While we previously have held that when a worker who has been

provided with an elevation-related safety device is injured in a fall, the question of whether the device provided proper protection ordinarily is a question of fact (*see, Beesimer v Albany Ave. / Rte. 9 Realty*, 216 AD2d 853, 854), we also have held that the mere fact that an injured worker fell from a ladder that did not slip, collapse or otherwise fail is insufficient to establish that the ladder did not provide proper protection (*see, Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 820).

Here, the record establishes that at the time of the accident, Adams directed a co-worker to kick the ladder out from under him in order to break the connection from the circuit that was electrocuting him. The ladder did not slip, collapse or otherwise fail to perform its function of protecting Adams from falling. Indeed, the ladder prevented Adams from falling and, but for Adams' direction that his co-worker kick the ladder out from under him, he undoubtedly would have been fatally electrocuted. In our view, Supreme Court not only erred in granting plaintiffs partial summary judgment on their Labor Law § 240 (1) cause of action, but also in failing to grant defendant's motion in that regard.

Turning to the denial of defendant's motion for summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence causes of action, we agree that Supreme Court erred in this regard as well. A reading of the record makes plain that defendant exercised no supervision or control over Adams' activities, thus providing no basis for liability (*see, e.g., Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). Finally, with regard to plaintiffs' Labor Law § 241 (6) cause of action, we agree with Supreme Court that questions of fact exist with regard to whether defendant violated the concrete regulatory provisions applicable to the case at hand. Specifically, 12 NYCRR 23-1.13 (b) provides in relevant part: "(4) *Protection of employees.* No employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means * * * (5) *Guarding of switches or other circuit interrupting devices.* If protection for employees consists of de-energizing circuits, employers shall cause open switches or other circuit interrupting devices to be guarded against inadvertent closing until such employees are no longer exposed." While the record reveals that Adams had tested the electrical circuits and believed them to have been de-energized prior to commencing

his work, a question of fact exists as to whether defendant violated the subject regulations by failing to, *inter alia*, take adequate precautions to ensure that the wires in the junction box with which Adams was working were properly de-energized.

Cardona, P. J., Mikoll and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiffs' Labor Law §§ 200 and 240 (1) causes of action and common-law negligence claim and granted plaintiffs' cross motion for partial summary judgment on their Labor Law § 240 (1) cause of action; plaintiffs' cross motion is denied, defendant's motion for summary judgment dismissing plaintiffs' Labor Law §§ 200 and 240 (1) causes of action and common-law negligence claim is granted, partial summary judgment is awarded to defendant and said claims are dismissed; and, as so modified, affirmed.