■ GREGORY A. CUSTER, Appellant, v CORTLAND HOUSING AUTHORITY, Respondent. [697 NYS2d 739] —Crew III, J. Appeal

from an order of the Supreme Court (Rumsey, J.), entered August 28, 1998 in Cortland County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for injuries that he sustained when he fell from a ladder while working at an apartment complex owned by defendant and located in the City of Cortland, Cortland County. At the time of the incident plaintiff, a carpenter in the employ of P.S. Griswold, Inc., was in the process of "wrapping" or "trimming out" windows that were approximately 14 feet above ground level. According to plaintiff, he has no recollection of the details surrounding the accident.

Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, which set forth causes of action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. Plaintiff responded by cross-moving for partial summary judgment with respect to the Labor Law § 240 (1) cause of action. Supreme Court granted defendant's motion and denied plaintiff's cross motion, prompting this appeal.[1]

We affirm. As a starting point, we reject plaintiff's contention that Supreme Court improperly dismissed the cause of action premised upon Labor Law § 200, which simply codifies an owner or general contractor's common-law duty to provide a safe place to work (*see, Riccio v Shaker Pine*, 262 AD2d 746, 747-748). In this regard, the case law makes clear that in order to establish a valid claim under Labor Law § 200, a plaintiff must establish that the party to be charged exercised supervision or control over the work performed or had actual or constructive notice of the unsafe condition that allegedly caused the accident (*see, Murray v South End Improvement Corp.*, 263 AD2d 577; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642). No such showing has been made here.

Plaintiff's sole argument regarding the viability of his Labor Law § 200 and common-law negligence claims centers upon a provision in the contract entered into between defendant and Griswold authorizing defendant to issue a stop work order in the event that Griswold failed to rectify identified safety issues. In our view, this general supervisory power is, standing alone, insufficient to defeat defendant's motion for summary judgment (*cf., Tambasco v Norton Co.*, 207 AD2d 618, 621, *lv*

---

1. As plaintiff has failed to brief the dismissal of the Labor Law § 241 (6) cause of action, we deem any argument in this regard to be waived (*see, First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).

*dismissed* 85 NY2d 857). The record plainly establishes that defendant did not exercise any supervision or control over plaintiff's work; indeed, plaintiff conceded at his examination before trial that defendant did not provide him with any tools or equipment, nor did anyone in defendant's employ direct him as to the manner in which he was to perform his work. Under such circumstances, plaintiff's Labor Law § 200 and common-law negligence claims were properly dismissed.

We reach a similar conclusion regarding the dismissal of plaintiff's Labor Law § 240 (1) cause of action. To be sure, the failure to provide plaintiff with *any* safety devices to protect him from elevation-related hazards would have established liability as a matter of law (*see, e.g., Beesimer v Albany Ave. / Rte. 9 Realty*, 216 AD2d 853, 854). Here, however, it is undisputed that plaintiff was provided with and did indeed use a ladder, one of the enumerated safety devices set forth in Labor Law § 240 (1), in the performance of his work. Although this Court has recognized that the question of whether a safety device so provided furnished adequate protection ordinarily is a question of fact (*see, Beesimer v Albany Ave. / Rte. 9 Realty*, *supra*, at 854), this Court also has held that "the mere fact that an injured worker fell from a ladder that did not slip, collapse or otherwise fail is insufficient to establish that the ladder did not provide proper protection" (*Adams v Owens-Corning Fiberglass Corp.*, 260 AD2d 877, 878; *see, Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869).

Here, the record is devoid of any evidence to suggest that the ladder from which plaintiff fell slipped, collapsed or otherwise was defective. Plaintiff testified at his examination before trial that he was not aware of any defect existing in the ladder or the attached outrigger on the day in question; indeed plaintiff, who already had made two trips up the ladder with materials prior to falling, testified that he was satisfied that the ladder was secure and stable. Additionally, plaintiff's foreman testified at his examination before trial that the ladder at issue was still standing following plaintiff's fall and had not moved at all, and both the foreman and one of plaintiff's co-workers testified that they did not hear anything prior to observing plaintiff falling through the air, such as the ladder rattling or plaintiff crying out. When asked how the accident occurred plaintiff, who purportedly suffers from amnesia, could only speculate that he must have slipped.

In short, although plaintiff's accident was tragic and his injuries severe, the record before us establishes nothing more than the fact that plaintiff fell from an elevation and was

injured. Thus, even holding plaintiff to a lower burden of proof due to his alleged amnesia (*compare, Saldana v Saratoga Realty Assocs. Ltd. Partnership*, 235 AD2d 744) and rejecting defendant's theory as to the cause of the accident,[2] we still cannot say that plaintiff met his burden of tendering sufficient admissible proof to raise a question of fact as to whether the ladder in question failed to perform its intended function. Accordingly, Supreme Court's order is affirmed.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Although the underlying cause was disputed plaintiff, by his own admission, had a history of passing out and falling at work, and his foreman testified that plaintiff appeared to be unconscious at the time of the fall giving rise to this action.