■ WILLIAM BRIGGS, Appellant, v NANCY HALTERMAN, Doing Business as HEARTHSTONE HOME FOR ADULTS, et al., Respondents. [699 NYS2d 795] —Carpinello, J. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Shaheen, J.), entered October 5, 1998 in Oneida County, which, *inter alia,* denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Plaintiff was injured in the course of installing gutters on the roof of a commercial premises owned by defendant Nancy Halterman, doing business as Hearthstone Home for Adults. Although he had not yet been deposed, plaintiff moved for partial summary judgment pursuant to Labor Law § 240 (1) against Halterman and defendant Hearthstone, Inc., claiming

that they failed to provide him with any safety devices to prevent his fall from the ladder.* As aptly pointed out by defendants in opposition to summary judgment, plaintiff has himself given various conflicting versions of how he was injured (*see, Cook v Presbyterian Homes*, 234 AD2d 906, 907).

In his July 20, 1998 affidavit in support of summary judgment, plaintiff averred only that he "fell off" a ladder. This was later "clarified" in a September 4, 1998 supplemental affidavit to indicate that "the manner in which I fell was part and parcel to the ladder slipping out of position as I was up on top of it and the ladder slid and fell over sideways". This belated, elaborated version—where it is alleged for the first time in this litigation that the ladder actually slipped and fell over—is itself controverted. For example, plaintiff completed medical paperwork on June 12, 1998 in which he described the accident in the following manner: "Installing gutters on Adult Home lost balance fell backwards".

Another version of the accident was provided to Roger Van Valkenburg, a maintenance worker employed by Hearthstone Home for Adults. Van Valkenburg immediately responded to the scene of plaintiff's accident, at which time he observed plaintiff lying on the ground. A light fixture which had been attached to the building was on the ground near him. Van Valkenburg was informed at this time that plaintiff had grabbed hold of the light fixture and it broke away from the building, causing him to fall. Notably, according to Van Valkenburg, the ladder on which plaintiff was working "was still in an upright position against the building" at this time.

One undisputed fact at this juncture is that plaintiff was indeed provided with, and utilized, a ladder during the course of his work, a ladder being one of the enumerated safety devices set forth in Labor Law § 240 (1). Thus, contrary to plaintiff's contentions, this is not a case where *no* safety device was provided to protect him from elevation-related hazards such that liability is established as a matter of law (*see, e.g., Custer v Cortland Hous. Auth.*, 266 AD2d 619; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854). This Court has repeatedly held that when a worker injured in a fall was provided with an elevation-related safety device, the question of whether that device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed

---

* Hearthstone Home for Adults is operated by Hearthstone Community, Inc. (sued herein as defendant Hearthstone, Inc.).

to perform its function of supporting the worker and his or her materials (*see, Adams v Owens-Corning Fiberglass Corp.*, 260 AD2d 877, 877-878; *Beesimer v Albany Ave. / Rte. 9 Realty, supra*). Relatedly, a mere fall from a ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the ladder did not provide appropriate protection to the worker (*see, Adams v Owens-Corning Fiberglass Corp., supra; Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869; *Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 820). Suffice it to say, the record contains numerous questions of fact concerning the circumstances surrounding plaintiff's accident—namely, whether plaintiff simply fell from a ladder which did not slip or otherwise fail, whether he fell from a ladder that did indeed slip and fall over or whether he fell because he was hanging onto a light fixture affixed to the building which broke loose—such that summary judgment was properly denied (*see, Spenard v Gregware Gen. Contr., supra; Cook v Presbyterian Homes, supra; Khan v Convention Overlook*, 232 AD2d 529; *Wilson v Haagen-Dazs Co.*, 215 AD2d 338, *lv dismissed* 86 NY2d 838).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.