■ ANTONIO ANGELES et al., Respondents, v REGINA GOLD-HIRSCH et al., Appellants. [700 NYS2d 460] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 23, 1998, which granted plaintiffs' motion for partial summary judgment as to liability, unanimously affirmed, with costs.

Plaintiffs demonstrated that defendants violated their non-delegable duty, pursuant to Labor Law § 240 (1), to provide proper and adequate safety devices to afford proper protection to plaintiff employee, who was subject to elevation-related hazards (*see, Correia v Professional Data Mgt.*, 259 AD2d 60, 63). Plaintiff proved that the ladder slipped, collapsed or otherwise failed, and such proof is sufficient " 'to establish that the ladder did not provide proper protection' " (*Custer v Cortland Hous. Auth.*, 266 AD2d 619, 621). Defendants, in response, failed to raise a triable question since they offered no more than speculation as to how the accident might have happened (*see, Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153), and the bare hope that they would be able to undermine plaintiff employee's credibility at trial on cross-examination (*see, e.g., Billboard Sportswear v Kapadia*, 237 AD2d 135). There is no evidence that plaintiff's own conduct was the sole proximate cause of the accident (*cf., Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452, 453; *Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292, 296), and, under Labor Law § 240 (1), liability is absolute; contributory negligence is irrelevant (*see, Public Adm'r of Bronx County v Trump Vil. Constr. Corp.*, 177 AD2d 258, 259). We have considered defendants' remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.