■ WILLIAM SMITH et al., Respondents, v PERGAMENT ENTERPRISES OF S.I., Appellant. [706 NYS2d 505] —Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 19, 1999 in Albany County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

On August 29, 1995, plaintiff William Smith (hereinafter plaintiff) sustained injuries when he fell from an unsecured stepladder while installing computer equipment in an office in Staten Island owned by defendant and leased to plaintiff's employer. To install the equipment, plaintiff, a chief computer operator for the Department of Motor Vehicles, was required to run cable from the server located in one room, up a pillar into the area above the eight-foot high drop ceiling, pull and toss the cable across the area above the ceiling and then drop it down through the interior walls to the location in the various rooms where new computers were to be installed. To accomplish this installation, plaintiff needed to remove ceiling tiles and, using a saw, cut holes in the sheetrock walls near the computer work stations. While standing on the third or fourth step of a six-foot aluminum ladder to gain access to the area above the drop ceiling, plaintiff tossed the cable across the

ceiling and felt the ladder "jiggle" or move; he observed that the ladder appeared to be tilted and tried to hold on to one of the pipes in the ceiling while descending the ladder, but he fell to the floor when the ladder tipped over.

Plaintiff and his wife, derivatively, commenced this action seeking damages under Labor Law §§ 200, 240 (1) and § 241 (6) and under a common-law theory of negligence. Plaintiffs subsequently moved for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim and defendant cross-moved for summary judgment dismissing the complaint against it. Supreme Court granted plaintiffs' motion for partial summary judgment and denied defendant's summary judgment motion. On defendant's appeal, we affirm.

First, Supreme Court correctly awarded plaintiffs partial summary judgment on their Labor Law § 240 (1) cause of action. Contrary to defendant's contention, at the time of this accident plaintiff was engaged in "altering" a building within the purview of Labor Law § 240 (1). As the court recognized, plaintiff's work running computer cables above the ceiling, through the interior of the walls and through holes cut in the walls to install computer equipment involved "making a *significant* physical change to the configuration or composition of the building," not a simple activity or routine maintenance (*Joblon v Solow*, 91 NY2d 457, 465 [bringing electric power supply to room through hole cut in concrete wall to install clock] [emphasis in original]; *see, Weininger v Hagedorn & Co.*, 91 NY2d 958 [running computer/telephone cables through holes and chicken wire in ceiling from existing room to newly leased space]; *Bedassee v 3500 Snyder Ave. Owners Corp.*, 266 AD2d 250 [cable wire installation]; *Di Giulio v Migliore*, 258 AD2d 903 [tuning satellite dish and running cable into building]; *Atwell v Mountain Ltd.*, 184 AD2d 1065 [pre-*Joblon*; running cable into building]; *cf., Goad v Southern Elec. Intl.*, 263 AD2d 654 [replacement of steam safety valves not altering]; *Molloy v 750 7th Ave. Assocs.*, 256 AD2d 61 [routine elevator maintenance not altering]; *Luthi v Long Is. Resource Corp.*, 251 AD2d 554 [temporarily running microphone cable through drop ceiling not altering]).

Further, as this Court has previously held, where, as here, "a worker injured in a fall was provided with an elevation-related safety device, the question of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact * * * except where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials" (*Beesimer v*

*Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [citations omitted]; *see, Briggs v Halterman*, 267 AD2d 753, 754-755; *Nephew v Barcomb*, 260 AD2d 821, 823; *Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869). Here, plaintiff's uncontroverted testimony established that as he was performing his elevated task, the unsecured ladder on which he was standing moved and became tilted, precipitating his fall, which demonstrated as a matter of law that the ladder was not "so constructed, placed and operated as to give proper protection" to plaintiff (Labor Law § 240 [1]; *see, Sinzieri v Expositions, Inc.*, 270 AD2d 332; *Angeles v Goldhirsch*, 268 AD2d 217; *Wasilewski v Museum of Modern Art*, 260 AD2d 271; *Hall v Conway*, 241 AD2d 592; *Niles v Shue Roofing Co.*, 219 AD2d 785; *Quinlan v Eastern Refractories Co.*, 217 AD2d 819; *Dennis v Beltrone Constr. Co.*, 195 AD2d 688; *compare, Briggs v Halterman, supra; Custer v Cortland Hous. Auth.*, 266 AD2d 619, 621, *lv denied* 94 NY2d 761; *Spenard v Gregware Gen. Contr., supra*, at 870). There is no evidence that the ladder was anchored to anything, equipped with any securing device, or supported by a co-worker (*see, Hall v Conway, supra*, at 592-593; *Dennis v Beltrone Constr. Co., supra*, at 689). Given the undisputed evidence, we find that plaintiffs made a prima facie showing that defendant's failure to ensure the proper placement and operation of the ladder constituted a violation of Labor Law § 240 (1) which was a proximate cause of plaintiff's fall and resulting injuries (*see, Quinlan v Eastern Refractories Co., supra*, at 820; *compare, Beesimer v Albany Ave./Rte. 9 Realty, supra*, at 855).

Notably, the fact that there were no eyewitnesses to plaintiff's fall does not preclude summary judgment in plaintiffs' favor (*see, Niles v Shue Roofing Co., supra*, at 785). Defendant did not challenge plaintiff's account of this fall, instead arguing that plaintiff's account raised a question of fact regarding whether plaintiff lost his balance or whether the ladder slipped, precipitating his fall (*see, Briggs v Halterman, supra; Spenard v Gregware Gen. Contr., supra; Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452; *see also, Khan v Convention Overlook*, 232 AD2d 529). We do not agree, however, that plaintiff's testimony and affidavit are ambiguous or unclear in that respect or susceptible of that interpretation (*cf., Briggs v Halterman, supra*). In our view, defendant failed to submit any evidence suggesting—or otherwise raising a triable issue of fact—that plaintiff's fall and injuries were caused by anything other than the unsecured ladder or that plaintiff's own conduct was the sole proximate cause of the accident (*see, Sinzieri v Expositions, Inc., supra; Angeles v Goldhirsch, supra*, at 217; *Wasilewski v Museum of Modern Art, supra; Hall v Conway,*

*supra*, at 593; *Niles v Shue Roofing Co., supra*, at 786; *cf., Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *supra*; *Adams v Owens-Corning Fiberglass Corp.*, 260 AD2d 877; *Stark v Eastman Kodak Co.*, 256 AD2d 1134). Accordingly, Supreme Court correctly awarded plaintiffs partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim.

Finally, it has been established that construction work within the meaning of Labor Law § 241 (6) includes the alteration of a building in which plaintiff was engaged (*see, Joblon v Solow*, 91 NY2d 457, 466, *supra*; 12 NYCRR 23-1.4 [b] [13]). Accordingly, Supreme Court properly denied defendant's cross motion seeking dismissal of plaintiffs' claim premised upon this statute.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that order is affirmed, with costs.