■ KENNETH WATSON, Appellant, v HUDSON VALLEY FARMS, INC., et al., Respondents. [714 NYS2d 810] —Mugglin, J. Appeal from an order of the Supreme Court (Torraca, J.), entered July 23, 1999 in Ulster County, which denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff, a self-employed sign painter, was hired by defendant Hudson Valley Farms, Inc. to paint its name and logo on the side of a 48-foot truck trailer. To reach the work surface, plaintiff was furnished with a flatbed truck that was parked parallel to and approximately one foot from the trailer. The surface of the flatbed measured eight feet in width, 15 to 18 feet in length and was approximately five feet above ground level. While engaged in his work, plaintiff fell from the rear of the flatbed truck sustaining personal injuries.

Following the completion of discovery, plaintiff moved for partial summary judgment on the issue of liability in connection with the cause of action alleged in the complaint pursuant to Labor Law § 240 (1). Plaintiff's principal argument in support of the motion was that the scaffolding provided was insufficient, inadequate and defective, proximately causing his fall and injuries. Supreme Court, finding that issues of fact existed, denied the motion and plaintiff appeals.

We affirm. In contrast to his argument before Supreme Court, plaintiff now asserts that the flatbed truck is not a safety device within the meaning of Labor Law § 240 (1), as a matter of law. The language of the statute is not restricted to the enumerated devices but clearly includes "other devices" which contractors and owners must construct, place and operate to give proper protection to workers. Pursuant to the authority of relevant case law, there is no doubt that the flatbed truck in this case is the functional equivalent of a scaffold (see, *Craft v Clark Trading Corp.*, 257 AD2d 886). As such, it qualifies as an elevation-related safety device within the meaning of the statute. "The rule in this Department may be simply stated: '[W]hen a worker injured in a fall was provided with an elevation-related safety device, the question of whether the de-

vice provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact * * * except where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials' * * * As a corollary to this rule, this Court has acknowledged that 'the mere fact that an injured worker fell from a scaffold, ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the device did not provide proper protection' " (*Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869 [citations omitted]).

In this record, there is no evidence that the safety device collapsed, slipped or otherwise failed to support the worker. On the contrary, there is conflicting evidence as to whether plaintiff "misstepped" or tripped as a result of a defect in the flatbed. The trier of fact must determine whether this defect, if any, precipitated plaintiff's fall and whether such defect rendered the flatbed so inadequate as to deprive him of the protection required by the statute. The existence of these genuine issues of fact preclude the relief requested by plaintiff.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.