■ MARK GROGAN, Appellant, v NORLITE CORPORATION, Respondent. (And a Third-Party Action.) [723 NYS2d 529] —Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 27, 1999 in Albany County, which, *inter alia*, denied plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff, an employee of an electrical contractor involved in the renovation of a building owned by defendant, was injured in a fall from a brand new, eight-foot stepladder. Standing on the ladder with his feet five or six feet above the floor, plaintiff was in the process of hanging conduit above existing "live" light fixtures when he received an electrical shock from a defective fixture which "threw" him off the ladder. As he fell, his right shoulder struck a vertical support beam or pipe. There is no evidence that the ladder moved. Alleging causes of action based upon Labor Law §§ 200 and 240 (1) and common-law negligence, plaintiff sued to recover damages for the resulting shoulder injury. He thereafter moved for partial summary judgment on the issue of liability on all claims, which was denied.

---

At the same time, defendant cross-moved for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, which Supreme Court granted. Plaintiff appeals.

As limited by his brief, plaintiff contends that Supreme Court not only erred when it granted defendant summary judgment dismissing his Labor Law § 240 (1) claim, but that the court further erred in not granting him partial summary judgment on the same cause of action. In response, defendant argues that in the absence of any evidence that the ladder collapsed, slipped or was otherwise defective, the Labor Law § 240 (1) claim was properly dismissed. We partially agree with plaintiff's position.

The Court of Appeals has routinely ruled that in order for a plaintiff to recover under Labor Law § 240 (1), the injury must be *proximately caused* by a defendant's failure to provide an adequate safety device (*see, Felker v Corning, Inc.*, 90 NY2d 219, 224; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562; *Bland v Manocherian*, 66 NY2d 452, 460-461). Moreover, this Court has consistently held that "a mere fall from a ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the ladder did not provide appropriate protection to the worker" (*Briggs v Halterman*, 267 AD2d 753, 755; *see, Watson v Hudson Val. Farms*, 276 AD2d 1004; *Adams v Owens-Corning Fiberglass Corp.*, 260 AD2d 877, 877-878; *Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 869). However, the holdings of these cases are a corollary to the general rule in this Court that "when a worker injured in a fall was provided with an elevation-related safety device, the question of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact * * * except where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials" (*Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [citation omitted]; *see, Spenard v Gregware Gen. Contr., supra*, at 869).

Thus, where, as here, there is no evidence that the ladder slipped, collapsed or was otherwise defective, the question of whether the ladder provided proper protection is a factual one and neither the injured worker nor the owner is entitled to summary judgment on a Labor Law § 240 (1) claim (*see, Spenard v Gregware Gen. Contr., supra*, at 869-870). To this end, we note that under circumstances essentially identical to the case at bar, each of the other Departments has held that a question of fact exists on the issue of liability under Labor Law § 240 (1) when a plaintiff worker falls from an A-frame steplad-

der as a result of an electrical shock (*see, Donovan v CNY Consol. Contrs.*, 278 AD2d 881; *Weber v 1111 Park Ave. Realty Corp.*, 253 AD2d 376, 378; *Gange v Tilles Inv. Co.*, 220 AD2d 556, 558). Accordingly, the order should be modified by denying defendant's cross motion for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) claim.

Mercure, J. P., Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for partial summary judgment; said cross motion denied; and, as so modified, affirmed.