■ In the Matter of GEORGE A. MAYES, Appellant, v BRIAN LACE, as Code Enforcement Officer of the Town of Warrensburg, et al., Respondents. [731 NYS2d 676] —Peters, J. Appeals (1) from a judgment of the Supreme Court (Moynihan, Jr., J.), entered March 16, 2000 in Warren County, which, in a proceeding pursuant to CPLR article 78, partially granted respondents' motion to dismiss the amended petition, and (2) from an order of said court, entered June 30, 2000 in Warren County, which, *inter alia*, denied petitioner's motion to modify or vacate the prior judgment.

We have previously addressed claims made by petitioner against his neighbor, respondent Bryan Rounds (*Matter of Mayes v Cooper*, 283 AD2d 760).* By amended petition dated October 1999, petitioner commenced this CPLR article 78 proceeding against respondent Town of Warrensburg Code Enforcement Officer (hereinafter CEO), Rounds, in his capacity as "purported landowner"/Chair of the Town Planning Board, each individual member of both the Town Board and the Town Planning Board and respondent Town Supervisor. The petition seeks, *inter alia*, a declaratory judgment vacating a resolution by the Planning Board which approved Rounds' site plan for a fence, now erected, as well as the vacatur of the CEO's issuance of a certificate of completion. It also sought the nullification of Local Laws, 1999, No. 1 of the Town of Warrensburg (hereinafter Local Law No. 1) and for an order mandating Rounds to remove the fence.

Respondents' motion to dismiss the petition resulted in a determination by Supreme Court that, *inter alia*, the challenge to

---

* Petitioner had alleged that Rounds was operating a contractor's yard from his personal residence in violation of the Zoning Ordinance of the Town of Warrensburg, Warren County. When the Town's Zoning Board of Appeals found no zoning violation, petitioner challenged that determination as well as those made by respondent Town Code Enforcement Officer upon which the Zoning Board of Appeals relied. Supreme Court dismissed that proceeding and we affirmed.

Local Law No. 1 was untimely and that the ministerial act of issuing a certificate of completion was beyond the scope of the proceeding. Additionally, the court nullified, as procedurally defective, the Planning Board's September 23, 1999 approval of the site plan for the fence and clearly articulated that it had not yet reached the merits of petitioner's application. Finally, it determined that the erected fence could remain while Rounds sought proper approval. Accordingly, the motion to dismiss was granted as to both the Town Board and the CEO, yet denied with respect to the remaining respondents. Petitioner unsuccessfully moved to vacate or modify that order. Petitioner appeals.

Supreme Court properly determined that petitioner's challenge to Local Law No. 1 was barred by the four-month Statute of Limitations (*see*, CPLR 217). We also find no error in the court's determination that issuance of the certificate of completion for the fence was a purely ministerial act beyond the scope of this proceeding (*see*, CPLR 7803). Nor was there error in the court's determination to allow the fence to remain during the pendency of the approval process by the Planning Board. In the absence of any viable challenges thereto, other than to the merits of the Planning Board's determination, we cease further review (*see*, *Custer v Cortland Hous. Auth.*, 266 AD2d 619, 620 n 1, *lv denied* 94 NY2d 761).

Addressing the request for an imposition of sanctions pursuant to 22 NYCRR 130-1.1, we discern, from petitioner's unrelenting motion practice, a continued substantiative challenge to the determination rendered by the Planning Board. By continued reference to allegations of impropriety and the minutes of the Planning Board where the application was approved, it appears evident that petitioner does not recognize that Supreme Court has not yet rendered a determination on the merits. For this reason, we cannot find that petitioner's confusion warrants the imposition of sanctions pursuant to 22 NYCRR 130-1.1. Accordingly, we affirm the judgment and order rendered on appeal and decline to impose sanctions.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, without costs.