■ GEORGE BARBER et al., Respondents-Appellants, v ROGER P. KENNEDY GENERAL CONTRACTORS, INC., et al., Appellants-Respondents, et al., Defendants. (And a Third-Party Action.) [755 NYS2d 502] —Rose, J. Cross appeals from an order of the Supreme Court (McGill, J.), entered November 1, 2001 in Clinton County, which, inter alia, denied plaintiffs' and defendants' motions for summary judgment.

Plaintiffs commenced this action to recover for injuries allegedly sustained by plaintiff George Barber (hereinafter plaintiff) in September 1991 and June 1993 at two different construction sites. As to the 1991 incident, plaintiffs allege that while plaintiff was working for third-party defendant, Sherlat Home Renovation Corporation, installing siding on a building, he fell approximately 3½ feet from a "dilapidated" stepladder and injured his back. Defendant Roger P. Kennedy General Contractors, Inc. (hereinafter Kennedy) was the general contractor for that project. As to the second incident in 1993,

plaintiffs allege that while plaintiff was attaching a partition during construction of a Wal-Mart store, he fell approximately two feet from a railing atop a fully-extended mobile scaffold and again injured his back. Defendant Benderson-Warnberg Associates II, L.P. (hereinafter Benderson) was the lessor of the premises and defendant Engelberth Construction, Inc. (hereinafter Engelberth) was the general contractor.

Plaintiffs moved for partial summary judgment as to liability against all defendants on the ground that plaintiff's injuries resulted from violations of Labor Law § 240 (1) on both occasions. Kennedy cross-moved for summary judgment on the grounds that the evidence as to the 1991 incident does not support a Labor Law § 240 claim because plaintiff fell only a short distance and his inconsistent accounts of what occurred destroy his credibility. Kennedy also sought dismissal as a sanction for the spoilation of evidence resulting from plaintiff's alleged disposal of the stepladder soon after his fall. Benderson and Engelberth subsequently cross-moved for summary judgment on the ground that the evidence as to the 1993 incident is insufficient to establish that plaintiff fell from the scaffold railing. Finding issues of fact as to liability and attributing the loss of the stepladder to plaintiff's supervisor, Supreme Court denied each party's motion, prompting their cross appeals.*

Turning first to the motions for summary judgment as to liability under Labor Law § 240, we conclude that Supreme Court properly denied plaintiffs' motion because plaintiff was the only witness to his alleged falls and his testimony is inconsistent. In this case, neither the stepladder nor the scaffold broke, collapsed or otherwise clearly demonstrated its inadequacy to safeguard plaintiff from falling (see Grogan v Norlite Corp., 282 AD2d 781, 782; Spenard v Gregware Gen. Contr., 248 AD2d 868, 869). Instead, plaintiff averred that his falls were caused by both devices having moved or become unsteady while he was working on them. There is also evidence that he previously reported that he merely slipped off the stepladder and twisted his back while standing on the scaffold's railing. Since plaintiff was the only witness to both of the incidents, defendants' citation to the inconsistencies in his accounts of those occurrences is sufficient to raise a bona fide issue as to his credibility and, thus, a triable issue of fact as to whether a violation of Labor Law § 240 (1) caused his injury (see Colonial

---

* Sherlat also cross-moved for summary judgment as to plaintiffs' Labor Law § 240 (1) claim and asserted that dismissal was warranted by the spoilation of evidence. However, it took no appeal from Supreme Court's order denying its motion.

*Indem. Ins. Co. v NYNEX*, 260 AD2d 833, 835; *Macutek v Lansing*, 226 AD2d 964, 965; *Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462). Thus, while plaintiff's allegations suffice to bring the claims within Labor Law § 240 (1), their merit cannot be determined as a matter of law and defendants should have the opportunity to subject them to cross-examination to aid the trier of fact in assessing his credibility (*see Clemente v Grow Tunneling Corp.*, 235 AD2d 331, 331-332).

Next, we find no merit in Kennedy's contention that because plaintiff fell only 3½ feet off the stepladder, liability cannot be imposed for violation of Labor Law § 240 (1) (*see Amo v Little Rapids Corp.*, 268 AD2d 712, 717-718). Nor is this a case in which a fall occurred at the same level as the work site (*see Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, *lv denied* 95 NY2d 766; *Francis v Aluminum Co. of Am.*, 240 AD2d 985, 987). Here, plaintiff allegedly fell due to the inadequacy of a ladder, one of the devices contemplated in Labor Law § 240 (1) (*see Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 692). If the trier of fact ultimately credits plaintiff's statements that the ladder was not stable and not secured, and that its movement or unsteadiness contributed to his fall, then liability under the Labor Law could properly be imposed for Kennedy's failure to provide an adequate safety device (*see Watson v Hudson Val. Farms*, 276 AD2d 1004, 1005; *Johnson v General Design & Dev.*, 225 AD2d 970, 971).

Finally, we turn to Kennedy's motion for dismissal based on an alleged spoilation of evidence. Although the courts have discretion under CPLR 3126 to sanction a party who intentionally or, in certain circumstances, negligently destroys material evidence and deprives an adversary of an opportunity to examine it (*see Cummings v Central Tractor Farm & Country*, 281 AD2d 792, 793; *Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 863), our review of the record here confirms Supreme Court's finding that it was plaintiff's supervisor, an employee of Sherlat, who placed the stepladder in a dumpster immediately after the 1991 incident. While this disposal allegedly was done at the request of plaintiff, who was reacting angrily to its role in his fall, there is no evidence that he either made that request for any reason other than to assure that no one else would be injured while using it or ignored anyone's advice that the stepladder be retained. Thus, we find no abuse of Supreme Court's discretion in denying dismissal on the ground of spoilation.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.