■ RALPH R. CANINO, Appellant-Respondent, v ELECTRONIC TECHNOLOGIES COMPANY et al., Respondents-Appellants. [813 NYS2d 557]—

Crew III, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered February 22, 2005 in Ulster County, which, inter alia, denied plaintiff's motion for partial summary judgment against defendant International Business Machines Corporation.

In March 1998, defendant Electronic Technologies Company (hereinafter ETC) was under contract to install certain security equipment at the facility of defendant International Business Machines Corporation (hereinafter IBM) in the Town of Fishkill, Dutchess County. Plaintiff, an electrician then employed by ETC, was assigned the task of supplying power for the installation of a card access door lock. Plaintiff located a junction box, which he concluded was the nearest available source of power, and set up and climbed an A-frame ladder in order to drill a hole in the side of the junction box to accommodate the necessary conduit. As plaintiff drilled into the junction box from right to left, he applied lateral force to the ladder and thereafter fell, allegedly sustaining various injuries.

Plaintiff thereafter commenced this action against ETC and IBM alleging various violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment against IBM on the issue of liability with respect to the Labor Law § 240 (1) cause of action, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied the respective motions, prompting these appeals.*

We affirm. "Not every worker who falls at a construction site,

---

* Although defendants cross-appealed from Supreme Court's order denying their motion for summary judgment dismissing the complaint, ETC, which is represented by the same counsel as IBM, asserts that it has withdrawn its

and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288 [2003]). Thus, the mere fact that plaintiff fell from the ladder at issue here does not, in and of itself, establish that the ladder failed to provide proper protection, thereby bringing plaintiff's claim within the ambit of the statute (*see Danton v Van Valkenburg*, 13 AD3d 931, 932 [2004]; *Grogan v Norlite Corp.*, 282 AD2d 781, 782 [2001]; *Briggs v Halterman*, 267 AD2d 753, 755 [1999]; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]). Rather, liability under Labor Law § 240 (1) is predicated upon "the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc., supra* at 267). Thus where, as here, the injured worker has been provided with an elevation-related safety device, "the question of whether that device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its function of supporting the worker and his or her materials" (*Briggs v Halterman, supra* at 754-755; *see Grogan v Norlite Corp., supra* at 782; *Musselman v Gaetano Constr. Corp.*, 277 AD2d 691, 692 [2000]).

Based upon our review of the record as a whole, we agree with Supreme Court that questions of fact remain regarding the adequacy of the safety device provided and whether plaintiff's conduct was the sole proximate cause of the accident. Simply put, defendants contend that the A-frame ladder, which had rubber cleats, had been placed on a rubber mat to prevent any slippage and was found after the accident in its open and locked position, afforded entirely adequate protection for plaintiff and that it was plaintiff's improper placement of the ladder and his ill-advised application of lateral force to the ladder that brought about his fall and, hence, constituted the sole proximate cause of his injuries. Plaintiff, on the other hand, although acknowledging that the ladder appeared to be stable and that there was a coworker nearby who could have held the ladder while plaintiff attempted to drill the hole in the junction box, contends that space constraints compelled him to position the ladder in the fashion that he did and that he should have been supplied with

cross appeal and, in any event, defendants' brief is limited to urging this Court to affirm the underlying order based upon the outstanding issues of fact identified by Supreme Court.

a rolling scaffold instead. Hence, plaintiff asserts that this is not a case of using an adequate safety device improperly but, rather, a case of having been provided with an inadequate safety device in the first instance. As the limited record before us fails to resolve these factual disputes, the parties' respective motions were properly denied.

Cardona, P.J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

(April 20, 2006)