■ FRANK JONES, Appellant, v GENERAL MOTORS CORPORATION, Respondent.—Mahoney, J. Appeals (1) from an order of the Supreme Court (Travers, J.), entered January 11, 1991 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 7, 1992 in Rensselaer County, which denied plaintiff's motion for reconsideration.

This action sounding in negligence, breach of warranty and strict products liability arises out of injuries sustained by plaintiff in a single-car accident when the car he was driving, a 1988 Chevrolet Corsica, veered off the shoulder of a road and into a ditch. The underpinning of the claim is that the hood latch on the car malfunctioned, resulting in the hood unexpectedly springing open as it had done on prior occasions, obstructing plaintiff's vision and causing the accident.

It being apparent from plaintiff's discovery responses that he was no longer in possession of the vehicle and not aware of its current location, during the initial stages of discovery defendant served a notice to admit upon plaintiff seeking a concession that he had performed no expert inspection on the vehicle and had no memory of the accident or the events

leading thereto.* Following plaintiff's admission of these facts, defendant moved for summary judgment claiming that, based upon the admissions, plaintiff could not establish a prima facie case; notably, he could not prove that the purportedly defective latch mechanism caused the accident. Plaintiff submitted affidavits from several individuals who attested to the hood's unexpected opening during operation of the vehicle on several prior occasions. A subsequent recall letter issued by defendant was offered which acknowledges the existence of such malfunctions in this make and model of vehicle. Plaintiff also submitted the affidavit of a physical engineer, who opined that the fact that the hood was in the closed position when viewed by the investigating officer was not determinative on the issue of whether the hood latch mechanism malfunctioned on this occasion. Supreme Court concluded that this evidence was insufficient to raise a triable question of fact on the issue of causation and granted defendant's summary judgment motion.

Thereafter, plaintiff retained a new attorney. When a motor vehicle title search conducted by that attorney revealed that the car was titled in the name of *defense counsel* and that it had possession thereof for a period in excess of five months before the summary judgment motion was made, plaintiff sought renewal of the summary judgment motion contending that this new fact would render possible an expert evaluation of the vehicle and thus establish whether the hood latch mechanism malfunctioned in this instance causing the accident. Concluding that expert evaluation would only speak to whether there was a latch defect and could shed no light on whether the malfunction *caused* the accident, Supreme Court denied the motion. Plaintiff appeals.

In view of the particular circumstances of this case, notably defense counsel's acquisition of the vehicle and nondisclosure of that fact to plaintiff when it was apparent that examination of the vehicle was the only way plaintiff could make out a case (in light of his memory loss and the absence of any witnesses), counsel's additional failure to correct Supreme Court's misapprehension about the unavailability of the vehicle, and because an examination of the vehicle, especially the condition of the hood and the latch mechanism, may establish that a malfunction occurred at the time of the accident and thus was a causative factor, in our view Supreme Court abused its discretion in summarily denying the renewal mo-

---

* Plaintiff was rendered a paraplegic as a result of the accident and has claimed to have no memory of it.

tion *(see,* CPLR 3212 [f]; *cf., Rotondi v Horning,* 168 AD2d 944). Because plaintiff has not yet conducted an examination of the vehicle, the more appropriate course of action would have been to grant renewal but to hold resolution of the summary judgment motion in abeyance while plaintiff conducts an examination and submits additional expert affidavits and evidence regarding the cause of this accident.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the orders are reversed, on the law, with costs, motion for renewal granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.