■ Hugh Matthews et al., Appellants, v William B. McDonald, Jr., Respondent, et al., Defendant. [661 NYS2d 80] —Casey, J. Appeals from two orders of the Supreme Court (Teresi, J.), entered February 12, 1996 in Rensselaer County, which, *inter alia*, imposed sanctions against plaintiffs' counsel for frivolous conduct.

Plaintiffs commenced this action alleging, *inter alia*, medical malpractice arising out of the treatment to plaintiff Hugh Matthews (hereinafter plaintiff) by defendant William B. McDonald, Jr. (hereinafter defendant) involving the injection of the prescription drug papaverine hydrochloride. After joinder of issue and some discovery, plaintiffs moved to serve a second amended complaint and bill of particulars changing the commencement date of the alleged malpractice from 1988, as alleged in the complaint and amended complaint, to 1986, a date to which defendant testified at his examination before trial that he commenced treating plaintiff with papaverine. Defendant opposed the motion and cross-moved for sanctions pursuant to CPLR 3126, CPLR 8303-a and 22 NYCRR 130-1.1 because of alleged abuses of discovery proceedings by plaintiffs' counsel.

After granting plaintiffs' motion to amend, Supreme Court found, by decision/order dated February 8, 1996, that the issuance and service of a subpoena duces tecum to a nonparty witness for defendant's personal pharmaceutical records culminated in frivolous conduct by plaintiffs' counsel within the meaning of 22 NYCRR 130-1.1. Specifically the court faulted plaintiffs' attorney for (1) issuing the subpoena without first obtaining judicial approval, which Supreme Court deemed necessary pursuant to CPLR 3120 (b), (2) making the subpoena returnable to a law office rather than to the court, and (3) including language in the subpoena indicating that the court issued or approved it when in fact it was issued by plaintiffs' attorney. After giving plaintiffs' counsel an opportunity to be heard with respect to the appropriate award of costs or imposition of sanctions and finding that said counsel deliberately avoided mandated procedures in his discovery of documents from a nonparty witness, Supreme Court, by decision/order dated February 9, 1996, suppressed the use of all material and testimony obtained through the issuance of the subpoena and precluded plaintiffs from using such evidence at trial. Although the court also found that a monetary sanction was appropriate and justified, it suspended the imposition of such a sanction on the ground that plaintiffs' counsel had not participated in similar conduct in the past. Plaintiffs now appeal both orders.

We initially find that Supreme Court erred in determining that CPLR 3120 (b) governed the situation here. CPLR 3120 (b) provides the procedure by which a nonparty is directed to produce documents and other things for inspection wholly independent of a deposition. CPLR 3111, on the other hand, is a more limited device and is used to require the production of

material in conjunction with, and for use at, a deposition. Unlike CPLR 3120 (b), the request for discovery of a nonparty under CPLR 3111, which is included in a subpoena, does not require a court order (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3111:1, at 491-492). As the subpoena duces tecum here was issued in conjunction with a nonparty witness deposition, of which defendant's counsel had notice and at which the documents were used, Supreme Court's reliance on the notice provisions of CPLR 3120 (b) and the authority of *Matter of Weinberg* (129 AD2d 126, *appeal dismissed sub nom. Matter of Beiny,* 71 NY2d 994) to impose sanctions was misplaced. Furthermore, as the pharmaceutical records were to be delivered at the time of the deposition (*see,* CPLR 3111), there is no impropriety in requesting their production at the law office rather than the court.

We further find that the witness statement language contained in the subpoena, although arguably indicating that it was issued and authorized by Supreme Court, did not constitute a deliberate effort or attempt by plaintiffs' counsel to deceive the recipient or the court so as to warrant any type of sanction. Not only was this subpoena signed only by plaintiffs' counsel, a clear indication that it was issued by counsel, but a review of a reputable treatise containing civil practice forms confirms that this language is commonplace in subpoenas, whether issued by counsel or a court (*see,* 7A Carmody-Wait 2d, NY Prac § 54:8, at 554 [1987]). Finally, while the subpoena also improperly indicated that the court was sitting in Schenectady County, we fail to find, contrary to Supreme Court's conclusion, any deceptive impact resulting from this inaccuracy.

In conclusion, we find no intentional deception or willful disregard of procedural rules by plaintiffs' counsel to warrant Supreme Court's conclusion that he engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1. As such, we need not address plaintiffs' remaining contentions, including whether Supreme Court erred in imposing nonfinancial sanctions under 22 NYCRR 130-1.1.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order dated February 8, 1996 is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for sanctions; cross motion denied; and, as so modified, affirmed. Ordered that the order dated February 9, 1996 is reversed, on the law and the facts, without costs.