[699 NYS2d 576]

LAWRENCE PUCCIA et al., Appellants, v KEVIN FARLEY, Respondent.

Third Department, December 9, 1999

## APPEARANCES OF COUNSEL

*Cozen & O'Connor,* New York City (*Jeffrey L. Nash* of counsel), New York City, for appellants.

*Saperston & Day, P. C.,* Rochester (*Gary H. Abelson* of counsel), for respondent.

## OPINION OF THE COURT

PETERS, J.

Plaintiffs purchased a wood-burning stove which was installed in their home by defendant in October 1993. On January 11, 1995, plaintiff Valerie Puccia detected a fire in the vicinity of the wood-burning stove. The fire was successfully extinguished by the local fire department, but the extent of the damage required plaintiffs to leave the premises for the evening. In the early morning hours of January 12, 1995, the fire rekindled. This second fire resulted in the complete destruction of the residence, with the stove and chimney collapsing into the basement. Fire Chief Kit Smith and his assistant conducted an investigation after the first fire; photographs of the damage as it then existed were taken by both the fire department and local newspapers. Smith concluded that the fire started in the wood/stucco area surrounding the stove and chimney because of an improper placement of wood studs during its installation.

Plaintiffs' insurance carrier retained Intricate Investigative Services after the second fire. After viewing, *inter alia,* the remains of the wood-burning stove, the chimney, the metal grate, the chimney pipes, the stucco-covered chicken wire and the wood studs, Intricate's investigative report, dated January 17, 1995, concluded that the fire was caused by the negligent installation of the wood-burning stove, with no evidence of a manufacturing defect. It concluded, after having eliminated "[a]ll other natural and accidental sources of ignition * * * in the area of origin * * * that subrogation may exist." Shortly thereafter, plaintiffs' agent arranged for a demolition contractor to dispose of the fire debris.

By letter dated February 28, 1995, plaintiffs communicated their notice of claim directly to defendant. Unable to resolve the issue, plaintiffs commenced this action in December 1996 alleging that the negligent installation of the wood-burning stove caused the fire. Al Lewis, a certified investigator hired by defendant, reviewed the report of the local fire department, news articles, Intricate's report, photographs taken after the first fire and various manuals and statements. Finding the

photographs to be an inadequate substitute for an actual inspection of the stove due to their failure to accurately depict the proximity of the wood studs to the pipes, he contended that although there was a possibility of a chimney fire or product defect, he could not conclusively state his opinion without a physical inspection of the pipes for creosote build-up or leaks.

Defendant thereafter moved to dismiss the complaint pursuant to CPLR 3126 due to plaintiffs' destruction of evidence crucial to the underlying action despite its knowledge that a viable claim for subrogation existed. Supreme Court granted defendant's motion, finding that a less restrictive alternative could not be found. Plaintiffs appeal.

It is by now well settled that courts have discretion to impose sanctions under CPLR 3126 when a party intentionally, contumaciously or in bad faith fails to comply with a discovery order or destroys evidence prior to an adversary's inspection (*see, e.g., Matthews v McDonald*, 241 AD2d 808; *Matter of Cullen*, 143 AD2d 746). We have agreed that such sanctions might even be appropriate for the negligent disposal of evidence deemed crucial to the underlying action when the adversary had not been given an opportunity for inspection (*see, Abar v Freightliner Corp.*, 208 AD2d 999, 1001; Hoenig, Products Liability, *More on Spoliation; Practice Pointers,* NYLJ, Aug. 8, 1994, at 3, col 1). Although we had yet to be confronted with such facts, other courts have so found (*see, Squitieri v City of New York*, 248 AD2d 201; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170), "recogniz[ing] that such physical evidence often is the most eloquent impartial 'witness' to what really occurred, and [that a resultant] unfairness [is] inherent in allowing a party to destroy evidence and then * * * benefit from that conduct or omission" (*Kirkland v New York City Hous. Auth., supra*, at 173, citing Hoenig, *Spoliation of Evidence: Preserving the Crown Jewels,* NYLJ, Dec. 23, 1988, at 3, col 1).

Trial courts are given broad discretion to determine when and to what extent a discovery sanction should be imposed. Such determination must remain undisturbed unless there is a clear abuse of discretion (*see, Abar v Freightliner Corp., supra*). Although reluctant to strike a pleading absent a willful or contumacious failure to facilitate discovery (*see, Vaughn v City of New York*, 201 AD2d 556), courts will look to the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as " 'a matter of elementary fairness' " (*Kirkland v New York City Hous. Auth., supra*, at 175; *see, Squitieri v City of New York, supra*, at 201).

The facts here are readily distinguished from *Conderman v Rochester Gas & Elec. Corp.* (262 AD2d 1070), where sanctions were not imposed when items were discarded in good faith and pursuant to normal business practices during an emergency situation when no litigation was pending. Here, plaintiffs' agent posited that a potential claim for a subrogation against defendant may exist premised upon his improper installation. Plaintiffs' agent certainly found the "debris" which they now state serves no useful purpose to be relevant to their own inspection and investigation, forming the basis for the allegations made here. Since circumstantial evidence will not be sufficient to prove whether defendant negligently installed the wood stove, we can find no abuse of discretion in the determination to strike the pleading (*see, Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp.*, 221 AD2d 243).

Having further considered and rejected all remaining contentions, we affirm the order of Supreme Court in its entirety.

MERCURE, J. P., SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.