Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to defendant and complaint dismissed.

■ HARTFORD FIRE INSURANCE COMPANY, as Subrogee of LAWRENCE MARCELLE, Respondent, v REGENERATIVE BUILDING CONSTRUCTION, INC., et al., Defendants, and ALLTEK ENERGY SYSTEMS, INC., Appellant. [706 NYS2d 236] —Cardona, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered

August 30, 1999 in Albany County, which denied a motion by defendant Alltek Energy Systems, Inc. for summary judgment dismissing the complaint.

Lawrence Marcelle retained defendant Regenerative Building Construction, Inc., a general contractor, to construct a new home in Saratoga County. Regenerative, in turn, subcontracted with defendant Alltek Energy Systems, Inc. to design and install the heating, air conditioning and ventilation system. Construction of the home was completed in August 1992. In January 1994, while Marcelle was out of town, water pipes in the basement of the residence apparently froze releasing steam and water and causing significant property damage. Marcelle was covered by a policy of insurance issued by plaintiff who paid $444,767.12 as a result of the loss.

In January 1997, plaintiff, acting as Marcelle's subrogee, commenced this action against Alltek and other defendants seeking to recover the money paid on the loss. Plaintiff alleged, *inter alia*, that the loss was attributable to the negligent design and installation of the heating system which failed to adequately provide heat to the basement area. Following joinder of issue, Alltek served a demand for discovery and inspection of the ruptured water line and attached valve leading to the basement sink as well as the water line leading to the washing machine. When plaintiff failed to produce the items, Alltek made a motion for summary judgment dismissing the complaint, pursuant to CPLR 3126, based upon plaintiff's alleged spoliation of critical evidence. Supreme Court denied the motion resulting in this appeal.

Initially, we note "that courts have discretion to impose sanctions under CPLR 3126 when a party intentionally, contumaciously or in bad faith fails to comply with a discovery order or destroys evidence prior to an adversary's inspection" (*Puccia v Farley*, 261 AD2d 83, 85). Sanctions may also be appropriate in certain circumstances where a litigant negligently disposes of crucial items of evidence before the opposing party has had an opportunity to view them (*see, Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173; *Abar v Freightliner Corp.*, 208 AD2d 999, 1001). In deciding whether to impose sanctions in such a case, "courts will look to the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as ' "a matter of elementary fairness" ' " (*Puccia v Farley, supra*, at 85, quoting *Kirkland v New York City Hous. Auth., supra*, at 175). In the final analysis, the trial court's de-

termination will remain undisturbed absent a clear abuse of discretion (*see, Puccia v Farley, supra,* at 85; *Abar v Freight-liner Corp., supra,* at 1002).

In the instant case, neither plaintiff nor any of the other parties to the action know the whereabouts of the ruptured pipes which are the subject of Alltek's discovery demand. It appears that they were disposed of when the water lines were repaired; the particulars of which are not clear from this record. It is evident that such repairs were made at least a few years before the commencement of this action for subrogation. Under the circumstances herein, it cannot be presumed that plaintiff is the party responsible for the disappearance of such evidence or, more importantly, that it was discarded by plaintiff in an effort to frustrate discovery. Furthermore, we note that it has not been sufficiently established in this record that Alltek's defense of the action will be prejudiced by its inability to examine the ruptured pipes. Therefore, we cannot say that Supreme Court clearly abused its discretion in denying Alltek's motion.

Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.