■ Bruce A. Cummings, Respondent, v Central Tractor Farm & Country, Inc., Appellant, and Euro United Corporation, Respondent. [722 NYS2d 285] —Mercure, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered July 28, 2000 in Albany County, which, inter alia, granted plaintiff's cross motion for summary judgment.

In April 1997, plaintiff purchased a pair of boots at a retail store owned and operated by defendant Central Tractor Farm & Country, Inc. (hereinafter defendant). Because plaintiff wanted to wear the boots out of the store, he asked the sales clerk where he might sit down to put them on. He was directed to sit in a green multipositional lawn chair that was on display in the front of the store. Plaintiff did so and while he was in the process of putting on a boot, the chair collapsed, causing plaintiff to sustain the injuries forming the basis for this action.

Following the accident, the chair was secured by defendant's store manager. A few days later, defendant was contacted by plaintiff's attorney, and defendant put defendant Euro United Corporation, the alleged manufacturer of the chair, on notice of the potential liability claim. In November 1997, Euro United's insurance carrier arranged to have a claims adjuster go to defendant's store and take photographs of the chair. At that time, the claims adjuster instructed defendant's store manager to preserve the chair for further inspection. That request was followed up by a January 1998 letter to defendant's insurance carrier, specifically instructing that the chair be preserved as evidence pending resolution of plaintiff's claim. In March 1998, defendant's carrier adopted the posture that the chair would be made available for inspection only when Euro United agreed to assume responsibility for the claim. Shortly thereafter, the parties were advised that the chair had been inexplicably lost or destroyed by defendant.

Following the commencement of this action and joinder of issue, Euro United moved to strike defendant's answer and for summary judgment based upon defendant's failure to preserve the chair and the resulting prejudice to Euro United. Plaintiff cross-moved for similar relief based upon his inability to establish a prima facie case without the chair and expert testimony concerning its defective condition. Supreme Court granted the motion and the cross motion, finding that defendant's negligent handling of the chair deprived plaintiff of the opportunity to prove his case and caused Euro United to lose "any possible defense to the action." Defendant appeals.

We affirm. Initially, we reject the contention that, absent evidence that defendant acted intentionally, contumaciously or in bad faith in connection with the loss or destruction of the evidence, Supreme Court abused its discretion in imposing the ultimate sanction of striking defendant's answer and directing judgment against it. Although defendant is correct in its assertion that sanctions are appropriate when "a party intentionally, contumaciously or in bad faith fails to comply with a discovery order or destroys evidence prior to an adversary's inspection" (*Puccia v Farley*, 261 AD2d 83, 85), courts have also upheld the imposition of such sanctions in cases where a litigant "negligently * * * disposes of crucial items of evidence involved in an accident before his or her adversary had an opportunity to inspect them" (*Abar v Freightliner Corp.*, 208 AD2d 999, 1001; *see, Puccia v Farley, supra,* at 85; *Squitieri v City of New York*, 248 AD2d 201, 203-204).

In this case, defendant was repeatedly advised to retain the chair. Further, considering that the chair was the very instrumentality giving rise to plaintiff's injuries, defendant should have been aware of its importance. Access to the chair was essential, not only to establish the cause of its failure but also to assist in identifying the culpable party, whether it be defendant, Euro United or even a nonparty supplier of raw materials or other component parts of the chair. We are unpersuaded by the contentions that the necessary inspection actually took place or that it was not essential to retain the chair because it had already been established that Euro United was the manufacturer. In fact, the evidence presented by Euro United, unaddressed by defendant, establishes that the very same type of chair was previously manufactured by another company. Further, plaintiff and Euro United each presented expert opinion that, absent an opportunity to perform tests or to examine the actual chair, it was impossible to determine the actual cause for the chair's failure. Clearly, the cursory exami-

nation of the chair and the four photographs taken of it by the claims adjuster did not constitute a meaningful inspection of the chair by the parties.

In view of the foregoing, we conclude that the sanction imposed by Supreme Court was necessary as a matter of elementary fairness (*see, Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 863; *Puccia v Farley, supra*, at 85; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 175). Defendant's additional contentions have been considered and found to be unavailing.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.