■ FRANK JONES, Appellant, v GENERAL MOTORS CORPORATION, Respondent. [731 NYS2d 90] —Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 10, 2000 in Rensselaer County, which, *inter alia*, denied plaintiff's motion to strike defendant's answer and affirmative defenses.

Plaintiff was involved in a single vehicle accident in September 1987 after the 1988 Chevrolet Corsica (hereinafter the vehicle) that he was driving went off the road, into a ditch and overturned. He was ejected from the vehicle and suffered catastrophic injuries rendering him a paraplegic. Although he has no memory of how the accident occurred, plaintiff and others

familiar with the vehicle averred that on several occasions prior to the accident the vehicle's hood latch mechanism failed to operate properly, causing the hood to open while the vehicle was in motion. In October 1987, Leonard Suprise, a claims adjuster for Motor Insurance Corporation (hereinafter MIC), the insurance carrier for the vehicle and a subsidiary of defendant, inspected the vehicle, photographed it and prepared a collision performance and injury report. In February 1988, Suprise persuaded plaintiff to transfer title of the vehicle to MIC. In June 1988, MIC sold the vehicle to Post Brothers Auto Parts. Plaintiff commenced this action in August 1989, alleging, *inter alia*, that the accident was the result of a defective hood latch which caused the hood to open while the vehicle was in motion. In February 1990, attorneys for defendant purchased the vehicle from Post Brothers.

In August 1990, defendant moved for summary judgment based on plaintiff's response to its notice to admit in which plaintiff acknowledged that he did not have possession of the vehicle, he had not performed any expert examination of the vehicle and he had no memory of the accident. Supreme Court (Travers, J.) granted defendant's motion and dismissed the complaint, finding that plaintiff had failed to raise a triable issue of fact regarding the cause of the accident. At that time defendant had not disclosed that its attorneys were in possession of the vehicle, nor that its expert had conducted an examination of the vehicle. Plaintiff subsequently retained new counsel who discovered that defendant's attorneys owned the vehicle and, in 1992, moved for reconsideration of Supreme Court's decision awarding summary judgment in favor of defendant. Supreme Court denied the motion and this Court, in July 1992, reversed (185 AD2d 398).

Turning to the order on the instant appeal, in October 1998—11 days prior to the commencement of trial—plaintiff moved for, *inter alia*, an order striking defendant's answer and affirmative defenses based on spoliation of evidence. In a comprehensive and painstaking decision, Supreme Court denied the motion, finding that plaintiff had failed to establish that the alteration to the hood latch mechanism occurred while the vehicle was under defendant's control and also finding that the alteration or lifting of the crushed roof line—which had occurred after defendant's attorneys took possession of the vehicle—was not shown to be crucial to the reconstruction of the accident or so prejudicial to plaintiff's case as to warrant disposal of the action other than on the merits. The court, however, assessed a sanction in the sum of $10,000 against

defense counsel for failing to disclose to the court or to plaintiff that they had located and purchased the vehicle, particularly in light of the fact that the order of Supreme Court (Travers, J.) granting summary judgment in defendant's favor was based, in part, on the belief that the vehicle had been destroyed. Plaintiff appeals, asserting that Supreme Court erred in denying his motion to strike defendant's answer and affirmative defenses.[1]

We affirm. It is well settled that "courts have discretion to impose sanctions under CPLR 3126 when a party intentionally, contumaciously or in bad faith fails to comply with a discovery order or destroys evidence prior to an adversary's inspection" (*Puccia v Farley*, 261 AD2d 83, 85; *see, Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17-18). Moreover, "courts have also upheld the imposition of such sanctions in cases where a litigant 'negligently * * * disposes of crucial items of evidence involved in an accident before his or her adversary had an opportunity to inspect them'" (*Cummings v Central Tractor Farm & Country*, 281 AD2d 792, 793, *lv dismissed* 96 NY2d 896, quoting *Abar v Freightliner Corp.*, 208 AD2d 999, 1001; *see, Puccia v Farley, supra*, at 85; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173).

As a starting point, it appears to be undisputed that the hood latch mechanism was altered sometime between October 1987 when Suprise photographed the vehicle and May 1990 when photographs were taken by defendant's investigator, Bruce Bowman. Inasmuch as plaintiff retained ownership of the vehicle for a portion of that $2^{1}/_2$-year period, the issue here distills to whether this alteration to the vehicle is attributable to defendant and, if so, whether the vehicle was so altered as to preclude an accurate reconstruction of the accident.

We find merit in plaintiff's assertion that Supreme Court erred in requiring that plaintiff "conclusively" establish that spoliation of the hood latch occurred at the hands of defendant. To be distinguished from this case, the higher "conclusive evidence" standard has been loosely employed—although not defined or fully explained—to characterize a movant's burden in establishing the willfulness of a proven or conceded spolia-

---

**1.** Plaintiff also appealed from Supreme Court's denial of his motion to amend his complaint to add a cause of action for punitive damages and challenging the adequacy of the sanction imposed upon defense counsel. Plaintiff, however, has failed to address these issues in his brief before this Court and, accordingly, we deem any challenge to Supreme Court's order in this regard to have been abandoned (*see, Matter of Lehigh Portland Cement Co. v Assessor of Town of Catskill*, 263 AD2d 558).

tion or other discovery violation under CPLR 3126 (*see, Vaughn v City of New York*, 201 AD2d 556, 558; *Farrell v New York State Elec. & Gas Corp.*, 120 AD2d 778; *Town of E. Greenbush v Ashland Chem. Co.*, 99 AD2d 604). Nevertheless, after reviewing the parties' submissions, we perceive no basis upon which to disturb Supreme Court's conclusion that plaintiff has failed to establish that defendant is responsible for the postaccident damage to the hood latch mechanism.[2] Recognizing that "[t]rial courts are given broad discretion to determine when and to what extent a discovery sanction should be imposed" (*Puccia v Farley*, 261 AD2d 83, 85, *supra*; *see, Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, *supra*; *see also, Lipin v Bender*, 84 NY2d 562, 571-573), we cannot conclude that Supreme Court improvidently exercised its broad discretion by refusing to strike defendant's pleadings on this basis (*see, Zletz v Wetanson*, 67 NY2d 711, 713; *Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 863-864; *Abar v Freightliner Corp., supra*, at 1001-1002; *see also, Nabozny v Cappelletti*, 267 AD2d 623, 625).

With regard to the spoliation of the vehicle's crushed roof line, the record demonstrates that the alterations occurred while it was in defendant's possession and control, a fact defendant does not dispute. As such, we turn to the very troubling and close issue of whether defendant's spoliation of the roof warranted the ultimate sanction of striking defendant's answer. Absent evidence of willful or contumacious behavior on the part of the spoliator, "courts will look to the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as 'a matter of elementary fairness'" (*Puccia v Farley, supra*, at 85, quoting *Kirkland v New York City Hous. Auth., supra*, at 175 [internal quotation marks omitted). "In the final analysis, the trial court's determination will remain undisturbed absent a clear abuse of discretion" (*Hartford Fire Ins. Co. v Regenerative Bldg. Constr., supra*, at 863-864 [citations omitted]). Here, a review of the various expert affidavits indicates that—in addition to the examination of the vehicle itself—reconstruction of the accident in this case involves, *inter alia*, the evaluation of plaintiff's medical condition, the physical evidence present at the scene, observations of witnesses who arrived at the scene, photographic history of

---

**2.** We find the conclusory statement of Robert West, that the vehicle did not sustain any damage from the time that he towed it from the accident scene until the time that it left his facility in the hands of MIC, to be insufficient to establish that the hood latch had not been tampered with or damaged during that period of time.

the vehicle, as well as the examination of an exemplar or comparison vehicle. Accordingly, while defense counsel's conduct was inexplicable and deplorable, we cannot conclude that Supreme Court abused its discretion in finding—after a thorough, reasoned analysis—that the alteration of the crushed roof line was not so crucial to the accident reconstruction that dismissal is required as a matter of fundamental fairness (*see, id.*, at 864; *Atlantic Mut. Ins. Co. v Sea Transfer Trucking Corp.*, 264 AD2d 659). Plaintiff's remaining contentions have been examined and found to be without merit.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.