(November 26, 2001)

■ In the Matter of JEFFREY J. TYMANN and ARTHUR H. THORN, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [733 NYS2d 278] —Per Curiam. Respondents were admitted to practice by this Court and are partners in a City of Albany law firm. Respondent Arthur H. Thorn was admitted in 1969 and respondent Jeffrey J. Tymann was admitted in 1980.

We grant petitioner's motion to confirm a Referee's report insofar as it sustained the charge that respondents engaged in conduct prejudicial to the administration of justice (*see,* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). Respondents were counsel for General Motors Corporation, a defendant in a personal injury action arising from a car accident. Shortly after suit was commenced in Supreme Court, Rensselaer County, in August 1989, the plaintiff's attorney advised respondents that he believed the car had been destroyed. In early January 1990, the defendant moved for a conditional order of dismissal unless the plaintiff supplemented his reply to interrogatories with more specific detail as to the alleged cause of the accident. The motion papers indicated that the car had been destroyed. In February 1990, while the motion was pending, respondents located and purchased the car. They registered it with the Department of Motor Vehicles in their law firm's name and stored the car at Auto Placement Center in the Town of Guilderland, Albany County. Although inspection of the car was important to the case, respondents never advised the trial court or the plaintiff's attorney that they had the car in their possession. This failure continued despite a March 19, 1990 decision by the trial court which compelled the plaintiff to cooperate with the defendant's discovery and which stated that, "It appears the automobile has been destroyed." It also continued despite the defendant's August 1990 motion for

summary judgment which was granted by the trial court in December 1990. After the summary judgment motion was granted, the plaintiff's new attorney conducted a motor vehicle title search and discovered that respondents had the car.

In October 1998, the plaintiff moved to strike the defendant's answer and affirmative defenses and to amend his complaint to seek punitive damages on the ground that the defendant had engaged in spoliation of evidence. By decision dated April 3, 2000, the trial court denied the motion but assessed a sanction of $10,000 against respondents' law firm pursuant to CPLR 3126 and 22 NYCRR 130-1.1 (c) (2), based upon respondents' failure to disclose that they had the car. We affirmed (*see*, *Jones v General Motors Corp.*, 287 AD2d 757). Respondents have paid the sanction.

Respondents blame inattentiveness for their misconduct. The Referee stated that it appeared to him that "a significant act of neglect, or error of judgment, was committed by respondents, but from all accounts, it was singular in nature and much regretted by respondents." Both respondents have unblemished disciplinary records and many distinguished judges and attorneys testified or submitted affidavits stating that respondents have excellent reputations in the legal community.

We conclude that respondents' professional misconduct warrants their public censure, in order to deter similar misconduct and preserve the reputation of the Bar.

Mercure, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that respondents are found guilty of having engaged in conduct that is prejudicial to the administration of justice; the Referee's report is confirmed insofar as it sustained that portion of the petition so charging respondents; and the motions by petitioner and respondents to confirm and reject the Referee's report, respectively, are granted and denied accordingly; and it is further ordered that respondents are censured.