Carpinello, J.
Appeal from that part of an order of the Supreme Court (Aulisi, J.), entered March 14, 2003 in Warren County, which denied a motion by defendant Raleigh America, Inc. for summary judgment dismissing the complaint against it.
After limited discovery, defendant Raleigh America, Inc. (hereinafter defendant) sought summary dismissal of plaintiff’s complaint on the ground that plaintiffs failure to preserve critical evidence caused it extreme prejudice. The sparse record reveals the following. Plaintiff was riding a bicycle purportedly manufactured by defendant’s predecessor when its chain allegedly snapped, causing him to fall and suffer personal injury. A bystander who witnessed the accident assisted plaintiff by transporting him and, later, his bicycle from the scene. This bystander avers that, at the time of the incident, he observed the broken chain lying on the ground but did not retrieve it. Several weeks later, after recovering somewhat from his injuries, plaintiff returned to the site of the accident intending to find the chain, to no avail. In support of its application for dismissal, defendant contended that its ability to defend the action, premised as it is on an allegedly defective bicycle chain, had been severely prejudiced by plaintiff’s failure to preserve it. Supreme Court denied the motion, defendant appeals and we now affirm.
It is true that the intentional or negligent loss of key evidence before it has been examined by an adversary’s expert can result in the dismissal of a party’s pleadings (see Barber v Kennedy Gen. Contrs., 302 AD2d 718, 720 [2003]; Squitieri v City of New York, 248 AD2d 201, 202 [1998]). However, such a drastic remedy is typically imposed in cases where the offending party knew, *778 or had reason to know, that the missing evidence was the subject of pending or future litigation (see Horace Mann Ins. Co. v E.T. Appliances, 290 AD2d 418, 419 [2002]; Cummings v Central Tractor Farm & Country, 281 AD2d 792, 793 [2001], lv dismissed 96 NY2d 896 [2001]). In addition, we note that determinations of this type are reviewed on an abuse of discretion standard (see Puccia v Farley, 261 AD2d 83, 85 [1999]).
In this context, we cannot say that denial of defendant’s motion was an abuse of discretion. First, defendant’s application appears to have been made prior to any deposition testimony of plaintiff delineating the details of the accident. Moreover, on the record before us, it cannot be said that the failure to preserve the chain was negligent in light of the exigent circumstances requiring plaintiffs immediate removal from the scene to address his injuries. Lastly, we find no indication that plaintiff knew, or should have known, at the time of the accident that the chain would become the subject of future litigation.
Crew III, J.P, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.