■ RICHARD MILLER, Respondent, v WEYERHAEUSER COMPANY et al., Appellants, et al., Defendant. [771 NYS2d 200]—

Peters, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered July 19, 2002 in Sullivan County, which, inter alia, granted plaintiff's cross motion to strike the answer of certain defendants.

In July 1994, plaintiff, a tractor trailer driver, was seriously injured by an explosion from the vehicle's brake chamber while

performing a pretrip inspection. This action was commenced in 1996, alleging that the corporate defendants (hereinafter collectively referred to as defendants) were negligent by either failing to inspect and/or maintain the brake chamber. In March 2002, defendants moved for summary judgment, prompting a cross motion by plaintiff for an order, pursuant to CPLR 3126, to strike defendants' answer for spoliation of evidence. Supreme Court granted plaintiff's cross motion and this appeal ensued.

Sanctions may be imposed where critical items of evidence are negligently disposed of by a litigant before the opposing party has an opportunity to properly review and inspect them (*see Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 863 [2000]; *Puccia v Farley*, 261 AD2d 83, 85 [1999]; *see e.g. Jones v General Motors Corp.*, 287 AD2d 757, 759 [2001]). "[C]ourts will look to the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as ' "a matter of elementary fairness" ' " (*Puccia v Farley, supra* at 85, quoting *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 175 [1997]). Absent a clear abuse of discretion, that determination will not be disturbed (*see Hartford Fire Ins. Co. v Regenerative Bldg. Constr., supra* at 864).

We do not find a clear abuse of discretion in Supreme Court's determination to strike defendants' answer. Shortly after the accident, the brake chamber was preserved and ultimately held in defense counsel's office in New York City. In July 1997, discovery demands sought, inter alia, photographs of the brake parts. While defendants denied being in possession of such photographs, testimony of their witness in July 1999 confirmed their existence. Despite this testimony and plaintiff's continued requests, the photographs were never produced.*

Defendants were also aware that plaintiff sought to inspect the brake chamber. The parties agreed, in connection with their stipulation dated December 3, 1999, that such part would be produced. When it was not forthcoming, Supreme Court directed its production within 60 days of an October 2000 order. Despite subsequent directions from the court, that order was never complied with. By letter dated August 17, 2001, defense counsel advised that the brake chamber was "misplaced and/or discarded." Affidavits of plaintiff's experts, Marvin Spector, a professional engineer, and Joseph Serra, a mechanical engineer, both concluded that such part was integrally related to the explosion and that its defect or metal fatigue should have been discoverable on inspection.

---

* Defendants produced photographs in October 1999, but these were not the photographs described by defendants' own witness.

Recognizing that plaintiff's access to the brake chamber was essential to establish causation, we find that the loss of this critical piece of evidence coupled with defendants' failure to produce the requested photographs support Supreme Court's determination to strike the answer pursuant to CPLR 3126. In so finding, we reject the contention that liability should first have been determined or that the sanction was unduly harsh.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.