OPINION OF THE COURT
Arthur G. Pitts, J.
*220 Ordered that the defendants’ motion to strike the plaintiffs’ complaint for their loss of mold samples allegedly taken from the subject apartment or in the alternative, for an order of preclusion is denied. (CPLR 3126.) It is further ordered that defendants’ motion for summary judgment is denied under the circumstances presented herein. (CPLR 3212.)
This is an action for personal injuries allegedly sustained by infant plaintiffs Ryan D’Amico and Kevin D’Amico as a result of exposure to mold while residing at the defendants Harvey Auerbach’s and Brookwood Communities’ apartment known as 1002A Joyner Place, Coram, Suffolk County, New York, from May 1994 through May 1998. Because of the alleged exposure to mold the plaintiffs aver that the infant plaintiffs suffer from delayed speech, allergies, ear infections, and upper respiratory infections.
During her examination before trial plaintiff Lori Bannon, the infant plaintiffs’ mother, testified that in 1998 she retained Pedneault Associates, Inc. to test the apartment for mold. Samples were allegedly taken from the subject apartment on January 14, 1998. By demand for discovery and inspection dated March 27, 2002, the defendants sought the production of the mold samples for inspection. By letter dated March 31, 2002, the defendants were informed that the samples had not been preserved by Pedneault Associates. Because the samples are not available for inspection, the defendants move for an order striking the plaintiffs’ complaint pursuant to CPLR 3126, preclusion, or in the alternative, for summary judgment on the basis that the plaintiffs cannot proffer a prima facie case without the samples.
“It is well settled that ‘courts have discretion to impose sanctions under CPLR 3126 when a party intentionally, contumaciously or in bad faith fails to comply with a discovery order or destroys evidence prior to an adversary’s inspection’ (Pueda v Farley, 261 AD2d 83, 85; see, Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 17-18). Moreover, ‘courts have also upheld the imposition of such sanctions in cases where a litigant “negligently . . . disposes of crucial items of evidence involved in an accident before his or her adversary had an opportunity to inspect them” ’ (Cummings v Central Tractor Farm & Country, 281 AD2d 792, 793, lv dismissed 96 NY2d 896, quoting Abar v Freightliner Corp., 208 AD2d 999, 1001; see, Puccia v Farley, supra, at 85; Kirk *221 land v New York City Hous. Auth., 236 AD2d 170, 173)” (Jones v General Motors Corp., 287 AD2d 757, 759 [3d Dept 2001]).
However, in determining whether to impose sanctions for a party’s disposal or destruction of evidence, the court must look to the extent the spoliation of evidence prejudiced the other party and whether striking the plaintiffs’ complaint will be necessary as a matter of elementary fairness. (Hartford Fire Ins. Co. v Regenerative Bldg. Constr., Inc., 271 AD2d 862 [3d Dept 2000].) Pursuant to the aforesaid standard and under the circumstances of the within matter, it is apparent that the sanction of striking the complaint or precluding the plaintiffs from introducing evidence regarding the mold samples at trial would be inherently unfair.-
In opposition to the instant motion, the plaintiffs have submitted correspondence from John Pedneault, the laboratory director of Pedneault Associates, wherein he states that the mold samples could not be preserved because they are biological samples with a finite shelf life of approximately six months. The plaintiffs did, however, provide the laboratory reports as well as authorizations to enable the defendants to obtain the testing laboratory’s records. It is apparent that the actions of the plaintiffs’ expert which resulted in the destruction of samples were not done in bad faith to warrant so severe a sanction as striking the complaint or preclusion. The laboratory reports and records regarding the mold samples were made available because the samples were not available due to their biological nature. As such, even if the plaintiffs were negligent, the items could not have been preserved for future disclosure. Accordingly, the defendants’ motion to strike the complaint or, in the alternative, preclude the plaintiffs from offering evidence at trial is denied.
A party moving for summary judgment must make a prima facie showing of entitlement as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) Of course, summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (State Bank of Albany v McAuliffe, 97 AD2d 607 [1983]), but once a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to estab *222 lish material issues of fact which require a trial of the action. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].)
In support of the instant motion the defendants argue that the plaintiffs cannot establish a prima facie case due to the destruction of the mold samples. As set forth above, the records of the laboratory and the reports have been made available to the defendants. The plaintiffs may introduce such reports and records if deemed admissible at trial. To determine that the plaintiffs cannot meet their burden of a prima facie case without actual samples is premature at best and the defendants’ motion is accordingly denied.