*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 16, 2014                517654
_____

DEBORAH DYER, as Parent and
    Guardian of SCARLETT DYER,
    an Infant,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

CITY OF ALBANY,
                    Respondent,
                    et al.,
                    Defendant.
_____


Calendar Date:   September 5, 2014

Before:   Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                        _____


        Towne, Ryan & Partners, PC, Albany (James T. Towne Jr. of
counsel), for appellant.

        Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany
(Sean F. Brousseau of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Platkin, J.),
entered August 28, 2013 in Albany County, which, among other
things, granted a motion by defendant City of Albany for summary
judgment dismissing the complaint against it.

        In September 2007, Scarlett Dyer, who was then eight years
old and suffering from a congenital condition that affected her
joints and prevented her from walking, sustained injuries when
she fell from a swing located at Buckingham Lake Park in the City
of Albany.  Plaintiff, who is Scarlett's mother, commenced this

action against defendant City of Albany (hereinafter defendant) for failing to maintain the park and against defendant Playworld Systems, Inc. for design and manufacturing defects. Defendant eventually moved for summary judgment dismissing the complaint against it. Plaintiff cross-moved for an order striking defendant's answer pursuant to CPLR 3126 based upon defendant's destruction of the swing and allegedly false deposition testimony from defendant's park maintenance supervisor. Supreme Court granted defendant's motion and denied the cross motion. Plaintiff appeals.

Supreme Court did not err in refusing to strike defendant's answer. "[T]he drastic remedy of striking a pleading is appropriate only where the moving party conclusively demonstrates bad faith or willful, contumacious conduct" by the party who fails to comply with disclosure or spoliates evidence (O'Connor v Syracuse Univ., 66 AD3d 1187, 1191 [2009], lv dismissed 14 NY3d 766 [2010]; see Sugar Foods De Mexico v Scientific Scents, LLC, 88 AD3d 1194, 1196 [2011]). The maintenance supervisor's testimony was not clearly false or misleading. While it could be read as indicating that the entire swing set was placed on a concrete base, it could also reasonably be interpreted to mean that the legs or braces of the swing set were in concrete footings. Because this appears to be a misunderstanding rather than a willful attempt to mislead an opposing party, it was not necessary or appropriate to impose a sanction. As for destruction of the swing, the supervisor testified that he was informed that someone had gotten hurt on one of the swings, so he went to the park, inspected all of the swings and observed that the safety mechanism would not latch on one swing. After unsuccessfully attempting to latch it two times, he removed the swing and disposed of it. Defendant had not been directed to preserve the swing, it is unclear whether the disposal occurred before plaintiff served a notice of claim, and neither plaintiff nor her relatives had notified defendant of any problem with the swing aside from that notice of claim. Plaintiff was not particularly prejudiced because relatives took several clear pictures of the swing the day after the accident and the supervisor testified that the safety mechanism would not latch (see Hartford Fire Ins. Co. v Regenerative Bldg. Constr., 271 AD2d 862, 864 [2000]; compare Miller v Weyerhaeuser Co., 3 AD3d

627, 629 [2004], lv dismissed 3 NY3d 701 [2004], appeal dismissed 5 NY3d 822 [2005]).  Hence, Supreme Court did not abuse its discretion in deciding not to impose any sanction against defendant pursuant to CPLR 3126 (see O'Connor v Syracuse Univ., 66 AD3d at 1191; Hartford Fire Ins. Co. v Regenerative Bldg. Constr., 271 AD2d at 864; see also Awon v Harran Transp. Co., Inc., 69 AD3d 889, 890 [2010]).

Supreme Court properly granted defendant's motion for summary judgment.  Defendant was under a duty to maintain the park in a reasonably safe condition (see Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]).  Plaintiff alleged that defendant breached this duty by failing to inspect and maintain the swing itself, specifically the safety mechanism, and the ground cover underneath the swing.  The record lacks proof of actual notice to defendant of any defective condition, such as prior complaints or manufacturer's recalls, so plaintiff can only prevail if defendant created a defective condition or had constructive notice.  As for the swing itself, plaintiff alleges that Playworld, not defendant, created the defective safety mechanism.  The swing was apparently installed in the park after April 1, 2007, so it had been in place for less than six months at the time of the accident.  Plaintiff and Scarlett's father each testified that he placed Scarlett in the swing, latched the safety mechanism and double checked it before he started to push her.  Within two minutes, the mechanism released and Scarlett fell from the swing, breaking her leg when she hit the ground.  Her father then checked the mechanism again and it fully latched as it had before.  Although plaintiff contends that defendant should have inspected the swing more regularly or kept records of inspections, plaintiff merely speculates that inspections would have revealed any defect; inspections are irrelevant considering this testimony that the mechanism worked minutes before and immediately after the accident.  Thus, the record does not contain proof of constructive notice regarding the safety mechanism.

Regarding ground cover, the supervisor testified that 8 to 12 inches of wood chips were placed on the ground under the swings, and markings on the legs of the swing set would show if the wood chips covered less than that depth.  Defendant's

playground safety expert averred that wood chips were appropriate ground cover, the park was properly maintained and defendant complied with applicable guidelines. While plaintiff's expert averred that defendant did not comply with guidelines promulgated by the Consumer Product Safety Commission, those guidelines were not mandatory (see Tavares v City of New York, 88 AD3d 689, 690 [2011]; Miller v Kings Park Cent. School Dist., 54 AD3d 314, 315 [2008]), the portions raised by the expert were guidelines to protect against head injuries rather than broken bones, he referred to a version of the guidelines that was not published until after this accident occurred and defendant's expert averred that defendant complied with the earlier version of the nonmandatory guidelines. Plaintiff's expert also asserted that wood chips deteriorate and result in a hard surface that does not effectively absorb impact forces, especially when proper drainage does not exist.[1] He further asserted that the area near the lake in the park was wet, without proper drainage, such that the wood chips there deteriorated to an unacceptable level. This was mere speculation, considering that plaintiff's expert never went to the park to observe, examine or measure the wood chips. Defendant's expert, who indicated that she did examine the park and the wood chips, averred that proper drainage existed, the wood chips showed no signs of mold or mildew that would indicate historic moisture accumulation or deterioration, and 8 to 12 inches of wood chips were present. Additionally, defendant's expert referred to the guidelines raised by plaintiff's expert, indicating that even if the wood chips had deteriorated and compressed to only six inches, defendant still would be in compliance with those guidelines. Because plaintiff's expert reached conclusions based on speculation and inaccurate assumptions that were not based on record evidence or an actual inspection of the ground cover at the park, his opinion has no probative force and cannot create a question of fact so as to withstand summary judgment (see Buchholz v Trump 767 Fifth Ave.,

---

[1] Although plaintiff contends that her expert was misled by the supervisor's deposition testimony into believing that the surface under the wood chips was concrete, her expert averred that this type and depth of wood chips was inappropriate on any hard surface, including hard packed dirt.

-5-                            517654

LLC, 5 NY3d 1, 9 [2005]; Hardsog v Price Chopper Operating Co., Inc., 99 AD3d 1130, 1132 [2012]; Gray v South Colonie Cent. School Dist., 64 AD3d 1125, 1127-1128 [2009]).  Inasmuch as defendant established that it was not on notice of any defective condition regarding the ground cover and did not breach its duty to maintain the park, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint against it.

Stein, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court