██ In the Matter of WENDY R. FISHER, Respondent, v JUSTIN C. HOFERT, Appellant. [5 NYS3d 775]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 13, 2013 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to observe certain conditions of behavior.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent father appeals from an order of protection entered upon a finding that he committed the family offense of aggravated harassment in the second degree against petitioner mother (*see* Penal Law § 240.30 [1] [a]; *see also* Family Ct Act § 812 [1]). We note at the outset that the order of protection has expired but, "given the totality of the enduring legal and reputational consequences of the contested order of protection, respondent's appeal from that order is not moot" (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]).

The Court of Appeals has determined that Penal Law § 240.30 (1), which proscribes communications made "in a manner likely to cause annoyance or alarm," is unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 467 [2014], *rearg denied* 24 NY3d 932 [2014]). Thus, the statute cannot serve as the basis for a finding that respondent committed a family offense (*see generally Matter of Kakwani v Kakwani*, 124 AD3d 658, 659 [2015]; *Matter of Lystra Fatimah N. v Rafael M.*, 122 AD3d 499, 499 [2014]). Inasmuch as Family Court concluded that petitioner failed to establish by a preponderance of the evidence that respondent had committed either of two other family offenses alleged in the petition, we reverse the order and dismiss the petition. Present—Centra, J.P., Peradotto, Carni, Sconiers and DeJoseph, JJ.

██ NICOLE MANLEY et al., Respondents, v RASPBERRIES CAFÉ & CREAMERY, INC., Appellant. [6 NYS3d 344]—

Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered November 20, 2013. The order, insofar as appealed from, granted those parts of the motion of plaintiffs seeking preclusion and an adverse inference charge.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Nicole Manley when she was struck in the head and face by a large umbrella from the patio seating area of defendant's restaurant. Defendant disposed of the umbrella and was unable to locate the umbrella base, and plaintiffs moved for spoliation sanctions. We conclude that Supreme Court properly granted those parts of plaintiffs' motion seeking an order precluding defendant from presenting evidence concerning the condition of the umbrella and base, as well as an adverse inference charge (*see generally Ortega v City of New York*, 9 NY3d 69, 76 [2007]). Contrary to defendant's contention, the court properly considered the extent that the spoliation of the evidence prejudiced plaintiffs (*see Puccia v Farley*, 261 AD2d 83, 85 [1999]), and "[t]he sanction herein was 'appropriately tailored to achieve a fair result' " (*Gogos v Modell's Sporting Goods, Inc.*, 87 AD3d 248, 255 [2011]). Present—Centra, J.P., Peradotto, Carni, Sconiers and DeJoseph, JJ.