LaBuda v LaBuda (2019 NY Slip Op 05372)





LaBuda v LaBuda


2019 NY Slip Op 05372


Decided on July 3, 2019


Appellate Division, Third Department


Garry, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

528329

[*1]PETER LaBUDA, Appellant,
v
FRANK LaBUDA, Respondent.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Foulke Law Firm, Goshen (Evan M. Foulke of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Jeffrey S. Sculley of counsel), for respondent.



OPINION AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Burns, J.), entered July 16, 2018 in Delaware County, which granted defendant's motion to dismiss the complaint.
In July 2017, plaintiff commenced this personal injury action alleging that defendant operated an all-terrain vehicle (hereinafter ATV) on plaintiff's property without permission and, acting either negligently or intentionally, struck plaintiff twice with the ATV [FN1]. After joinder of issue, defendant served plaintiff with discovery demands seeking, as pertinent here, photographs or video recordings of the incident, including video stored on plaintiff's phone and all related metadata. By letter in September 2017, defendant asked plaintiff to preserve all evidence involved in the claimed loss, specifically including plaintiff's cell phone and any video taken on the date of the incident.
Plaintiff did not respond to the discovery demands or the preservation request. In March 2018, defendant advised plaintiff by letter that defendant considered him to be in default. During a preliminary conference in April 2018, defendant reiterated his request for preservation of the cell phone. In May 2018, plaintiff sent defendant an email asserting that plaintiff possessed only one photo and one video concerning the incident, which were attached to the message. Defendant asked plaintiff to make the phone available for inspection and testing. Plaintiff then advised that he no longer had the cell phone, as he had traded it in for a new phone in February 2018.
Defendant moved, as relevant here, for dismissal of the complaint on the grounds of failure to comply with discovery demands and spoliation of evidence. Plaintiff opposed, asserting that he had provided defendant with the only photo and video that he had taken. [*2]Although Supreme Court found that dismissal was not warranted based upon plaintiff's failure to comply with discovery demands, as neither party had pursued the issue pursuant to the CPLR, it granted the motion on the basis of spoliation. The court found that plaintiff was under an obligation to preserve the phone, that he had failed to do so, and that the failure was prejudicial as it prevented defendant from examining the phone's metadata to determine whether other photos and videos had been taken. Plaintiff appeals.[FN2]
A trial court has discretion to impose sanctions for spoliation, including the dismissal of a pleading, "when a litigant intentionally or negligently disposes of critical items of evidence before an opposing party has an opportunity to inspect them" (Markel Ins. Co. v Bottini Fuel, 116 AD3d 1143, 1144 [2014]; see CPLR 3126 [3]; Jones v General Motors Corp., 287 AD2d 757, 759 [2001]). Here, it was defendant's burden to show that sanctions are appropriate by demonstrating that plaintiff "possessed an obligation to preserve [the evidence] at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks and citations omitted]; accord Gitman v Martinez, 169 AD3d 1283, 1286 [2019]). It is undisputed that plaintiff was under an obligation to preserve the phone and any pertinent photos, video and metadata that it contained. Further, the information contained in the phone is relevant, as defendant claims that he saw plaintiff using his phone, apparently to take pictures, during the incident, and thus believes that additional photos and videos of the incident may exist. Nevertheless, defendant's assertion does not depend upon the phone itself, but upon the photos, videos and pertinent metadata that it may have contained. If this electronic information still exists and can be made available to defendant, the loss of the phone itself may be wholly immaterial.
Plaintiff asserted in opposition to the dismissal motion that the information contained in the phone had been preserved and continued to exist in several different forms. He alleged that police investigators had examined his phone and had extracted and downloaded all relevant photos and videos. Plaintiff further asserted that the Attorney General's office had created a folder in cloud storage that contained pertinent electronic files, and he provided a hyperlink that allegedly provided access to these files [FN3]. Finally, plaintiff asserted that, when he replaced his phone, technicians for his carrier extracted "all of the data" and uploaded it to his new phone, as well as to cloud storage that plaintiff is able to access.
This Court does not condone plaintiff's failure to preserve the phone in the first instance, nor his inexplicable failure, thereafter and continuing through the date of argument of the appeal, to comply with defendant's discovery demands and preservation requests by providing defendant with access to the alleged preserved information that the phone contained. Nevertheless, the factors to be considered in determining the appropriate sanctions for such failures are "the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as a matter of elementary fairness" (Puccia v Farley, 261 AD2d 83, 85 [1999] [internal quotation marks and citations omitted]; accord Miller v Weyerhaeuser Co., 3 AD3d 627, 628 [2004], lv dismissed 3 NY3d 701 [2004], appeal dismissed 5 NY3d 822 [2005]). This record does not permit a full consideration of these factors, as it does not clearly establish whether the electronic information that defendant requires has actually been destroyed and, thus, whether and to what extent defendant has been prejudiced.
Significantly, although the phone and its metadata may provide support for defendant's defense, they are not the instrumentalities of plaintiff's injury (compare Miller v Weyerhaeuser [*3]Co., 3 AD3d at 628-629 [answer stricken where a defendant's failure to preserve a brake chamber prevented the plaintiff from establishing causation]; Cummings v Central Tractor Farm & Country, 281 AD2d 792, 793-794 [2001], lv dismissed 96 NY2d 896 [2001] [answer stricken where a defendant failed to preserve a chair that had caused the plaintiff's injuries]; Puccia v Farley, 261 AD2d at 86 [complaint dismissed where a plaintiff's disposal of fire debris prevented determination whether wood stove had been negligently installed]). Other means are available by which defendant may impeach the credibility of plaintiff's claim that no other photos and videos of the incident exist, including pertinent testimony in a prior related action. This record does not permit a determination whether the metadata from plaintiff's phone is "critical to the core issue" in this action — that is, whether defendant acted negligently or intentionally in operating the ATV (Randolph v Warnecke, 1 AD3d 731, 732 [2003]), nor does it demonstrate that the loss of the metadata — if it has been lost — is "so crucial to [defendant's case] that dismissal is required as a matter of fundamental fairness" (Jones v General Motors Corp., 287 AD2d 757, 761 [2001]; see Weiss v Bellevue Maternity Hosp., 121 AD3d 1480, 1482 [2014]; Callaghan v Point at Saranac Lake, Inc., 83 AD3d 1177, 1179 [2011]). Thus, we find that the sanction of dismissal was unwarranted at this juncture (see Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736-737 [2019]; see also Sanders v 210 N.12th St., LLC, 171 AD3d 966, 968-969 [2019]).
The record requires further development before a determination can be made as to the extent of prejudice, if any, caused to defendant by plaintiff's failure to preserve the phone. Accordingly, we remit to Supreme Court with direction for plaintiff to promptly obtain and provide to defendant all photos, videos and metadata pertinent to the incident that have been preserved in any source, or to provide defendant with full access to any such stored photos, videos and metadata. The retrieval and examination of this information — or the continued failure to do so — will permit Supreme Court to reexamine, upon a full record, whether pertinent electronic information has been lost as a result of plaintiff's failure to preserve the phone, to what extent defendant has been prejudiced by that loss and, thus, whether dismissal, an adverse inference charge or some other sanction may be appropriate (see e.g. Gitman v Martinez, 169 AD3d at 1286-1287).
Plaintiff next contends that defendant's discovery demand for the cell phone was overbroad, was not limited to the production of relevant information and violated his constitutional rights. As plaintiff failed to make a timely objection or application for a protective order (see CPLR 3122 [a] [1]), our review of these issues is limited to whether "the demand is palpably improper" (Saratoga Harness Racing v Roemer, 274 AD2d 887, 888 [2000]; accord Murphy v Hamilton, 90 AD3d 1294, 1295 [2011]). Defendant's demand for photographs and video recordings of the incident, including video stored on plaintiff's phone and related metadata, was narrowly drawn to seek relevant information within plaintiff's possession. Likewise, as clarified in defendant's motion for sanctions, his request to inspect the phone was limited to data related to photographs, videos or other recordings taken on the day of the incident and did not contemplate an examination of any other information on the phone. As so limited, we find nothing "irrelevant, overbroad [or] burdensome" in this demand (DG & A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d 1316, 1318 [2010] [internal quotation marks and citations omitted]; see Vasquez-Santos v Mathew, 168 AD3d 587, 588 [2019]; compare Doe v Bronx Preparatory Charter Sch., 160 AD3d 591, 591 [2018]).
Finally, defendant's contention — as an alternative ground for affirmance — that this action is barred by the doctrines of res judicata or collateral estoppel based upon the prior dismissal of a related Family Court proceeding is unpreserved, as it was raised for the first time upon this appeal (see Krol v Yager-Krol, 145 AD3d 1249, 1250 n [2016]; David Sanders, P.C. v Sanders, Architects, 140 AD2d 787, 788 [1988]). In any event, the record does not contain the petition or determination in the prior proceeding and does not indicate whether the dismissal was on the merits. Thus, even if the question were properly before us, we would be unable to determine whether the issues raised here were also "clearly raised in [the] prior . . . proceeding and decided against [plaintiff] in a final judgment on the merits after a full and fair opportunity to be heard" (Rosen v Kaplan, 161 AD3d 1355, 1356 [2018] [internal quotation marks and citations [*4]omitted]; see generally Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this decision.



Footnotes

Footnote 1: The action was initially commenced in Sullivan County but was transferred to Delaware County.

Footnote 2: An appeal in a related action is also before this Court (LaBuda v LaBuda, ___ AD3d ___ [appeal No. 527571, decided herewith]).

Footnote 3: Defendant averred in a reply affidavit that this hyperlink did not work when he attempted to use it. Upon this appeal, plaintiff responds that after he provided the hyperlink, the Attorney General's office added a requirement for a username and password, which plaintiff is now attempting to obtain.